. * FALCO *v.* SUCESIÓN SUAU.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 793.—Resuelto en junio 26, 1912.

PAGO INDEBIDO—INTERPRETACIÓN DE LEY—PRUEBA DEL ERROR EN EL PAGO.—El artículo 1801 del Código Civil debe ser interpretado en relación con el 1796 del mismo Código, y de acuerdo con aquel artículo el demandante en una acción para cobrar lo que pagó indebidamente, está relevado de la necesidad de probar el error con que realizó el pago indebido solamente cuando el demandado en su contestación ha negado haber recibido cantidad alguna, pero cuando la contestación a la demanda, como en el caso de autos, no niega haber recibido cantidad alguna, sino que alega que cualquier cantidad que haya recibido el demandado era una deuda justa y debida, en este caso el

---

* La resolución dictada en este caso en diciembre 4, 1912, sobre reconsideración, se inserta a continuación de la presente, página 744.

demandante no queda relevado de la obligación de probar el error con que realizó el pago.

1D.—PRUEBA DEL ERROR BAJO EL CUAL SE REALIZA UN PAGO—RECIBO DE LA CANTIDAD CONSIGNADO EN ESCRITURA PÚBLICA.—Examinada la prueba en el caso de autos este tribunal resolvió que no habiéndose justificado la existencia del fraude en el otorgamiento de la escritura presentada por el demandante en la cual consta que el causante del demandante confesó haber recibido del causante de la sucesión demandada la cantidad de dinero que es objeto de este pleito, es necesario concluir que dicha escritura demuestra que la cantidad reclamada en este pleito era realmente debida al causante de la sucesión demandada.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Fernando Vázquez y Rafael López Landrón.*

Abogado del apelado: *Sr. José de Diego.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La demanda fué presentada en este caso por Rosa Falcó a nombre y en representación de su hijo menor, Manuel Adoaldo Tiberio Catinchi y Falcó, en la que se alega que Adoaldo Tiberio Catinchi falleció en Sabana Grande el día 11 de abril de 1909, sin otorgar disposición testamentaria; que la Corte de Distrito de Mayagüez declaró a Manuel Adoaldo Catinchi como único y universal heredero de su padre; que los demandados son los únicos y universales herederos de Don Salvador Suau y Mulet; que por escritura de fecha 23 de enero de 1886, Don Salvador Suau y Mulet compró a Don Jorge Alemany y Juan, por el precio de 6,700 pesos, una finca situada en San Germán que se describe debidamente en la demanda; que en la segunda cláusula de dicha escritura se convino que si el vendedor Sr. Alemany, quisiera recuperar la finca vendida y entregara al comprador Sr. Suau, o a sus representantes el precio de la venta, o sea, los 6,700 pesos, había de serle restituída dicha finca; que fué convenido en la cláusula primera de la misma escritura que el vendedor continuaría en posesión de la finca vendida, en concepto de arrendatario, pagando como canon de arrendamiento anual, la suma de cien pesos; y terminando dicho

arrendamiento al ejercitarse el derecho de retroventa. Que Don Jorge Alemany y Juan, por escritura de 18 de marzo, 1887, cedió, vendió y traspasó a favor de Don Adoaldo Tiberio Catinchi todos los derechos y acciones que dicho Alemany tenía sobre la finca vendida por él al Sr. Suau en 23 de enero de 1886; que dicha venta y cesión fué hecha con la expresa conformidad y asentimiento del Sr. Suau, quien concurrió al acto del otorgamiento de dicha escritura de cesión. Que vencido el término para retraer la finca el referido Catinchi no hizo uso de su derecho de retracto, y el Sr. Suau, en 8 de junio de 1893, presentó en el registro de la propiedad copia de dicha escritura, para que se le pusiera la nota de consumación del contrato.

Que en 12 de julio de 1893, el Sr. Catinchi vendió mediante escritura a los hermanos Pablo, Andrés y Emilio Pietri, una finca radicada en el término municipal de Yauco, cuya venta se realizó por la suma de 6,000 pesos. (Tanto la suma de 6,000 pesos como la de 6,700 pesos mencionados en esta opinión son de moneda provincial.) Que fué consignado en dicha escritura de 12 de julio de 1893, que el vendedor se hallaba adeudando al Sr. Suau la cantidad de 6,000 pesos, por lo que fué convenido y pactado en la referida escritura que los compradores, Sres. Pietri, pagarían al Sr. Suau por cuenta y a nombre del vendedor Sr. Catinchi la dicha suma de 6,000 pesos e intereses convenidos; que para garantizar tal pago fué también pactado y convenido en la repetida escritura, constituir hipoteca voluntaria a favor del Sr. Suau sobre la finca vendida, tomándose razón de la venta en el Registro de la Propiedad de San Germán. Que dicho Salvador Suau después de cobrar los intereses cedió sus derechos a Luis María Cuyard, y que al morir éste último su viuda otorgó carta de pago a los hermanos Pietri por el capital de los 6,000 pesos.

Que Don Adoaldo Tiberio Catinchi después de vencido el contrato de arrendamiento o sea en 1892, continuó viviendo y habitando en la finca hasta el año de 1907, en cuya fecha

abandonó la finca mediante una transacción por la que renunció los derechos que como tal poseedor a precario le correspondían, y percibiendo además la suma de 200 pesos en concepto de mejoras realizadas en la finca.

Alega entonces el demandante según su mejor información y creencia que dicho Catinchi no debía antes del 12 de julio de 1893 o después de esa fecha suma alguna ni cantidad de dinero a dicho Salvador Suau; que nunca fué deudor del referido Suau en ningún concepto; y alega además según su mejor información y creencia, que el pago de los 6,000 pesos y los intereses de dicha suma montantes a 1920 pesos, hecho por el dicho Sr. Adoaldo Tiberio Catinchi al referido Sr. Suau en julio 12 de 1893, en la forma y modo expresados en la demanda, fué verificado por error de dicho Sr. Catinchi, cuyo error consistió en creer el Sr. Catinchi que adeudaba al Sr. Suau la expresada suma por virtud del contrato celebrado en 18 de mayo de 1887, entre Catinchi, Alemany y Suau, cuando en realidad nada le adeudaba ni por éste ni por ningún motivo, pues ni en esa fecha ni antes de ella, ni en 12 de julio de 1893, ni en ninguna fecha posterior a ésta, traspasó Suau a Catinchi la propiedad y dominio de la finca de San Germán; ni jamás hizo uso Catinchi del derecho de retracto consignado en la cláusula 2ª. de la escritura de 22 de enero de 1886. Que dicho Suau cobró de los hermanos Pietri en junto la suma de 7,920 pesos incluyendo capital e intereses. Y alega el demandante que según su mejor información y creencia Don Salvador Suau sabía, que al constituirse la hipoteca para garantizar su crédito y al ceder ésta a Catinchi, que Don Adoaldo Tiberio Catinchi no le debía nada por ninguna razón ni concepto.

Estos fueron los hechos sustanciales expresados en la demanda. Los demandados formularon excepción previa a la demanda, la que fué declarada sin lugar por la corte, presentando entonces su contestación en la que admitieron algunos de los hechos contenidos en la demanda y negaron otros, habiendo negado específicamente que Don Salvador Suau cau-

sante de los demandados hubiera jamás hecho cobro alguno indebido según se alegó en la demanda y que ni el Sr. Catinchi ni ninguna otra persona hubiera pagado al Sr. Suau lo que no adeudaba, y como hechos positivos alega la contestación que cualesquiera cantidades pagadas por Catinchi o por cualquiera de sus sucesores o cesionarios, constituían deudas legítimas y los pagos fueron bien y justamente verificados.

La Corte de Distrito de Mayagüez, después de relacionar los hechos o algunos de ellos, expresa que la demanda en este caso se funda en los artículos 1796 y 1797 del Código Civil, en los que se dispone lo siguiente:

"Artículo 1796.—Cuando se recibe alguna cosa que no había derecho a cobrar, y que por error ha sido indebidamente entregada, surge la obligación de restituirla.

"Artículo 1797.—El que acepta un pago indebido, si hubiera procedido de mala fe, deberá abonar el interés legal cuando se trate de capitales, o los frutos percibidos o debidos percibir cuando la cosa recibida los produjera.

"Además responderá de los menoscabos que la cosa haya sufrido por cualquier causa, y de los perjuicios que se irrogaren al que la entregó, hasta que la recobre. No se prestará el caso fortuito cuando hubiese podido afectar del mismo modo a las cosas hallándose en poder del que las entregó."

La corte sentenciadora es de opinión que para que pueda ejercitarse la acción de cobro de lo indebido con arreglo a estos artículos, son requisitos indispensables que deben concurrir en el ejercicio de la misma, primero, que el demandante pagó indebidamente y que el pago se hizo por error o equivocación y no por mera liberalidad o por cualquier otro concepto, y cita dicha corte la doctrina contenida en varias sentencias del Tribunal Supremo de España, a saber, las de 14 de enero, 1883; 28 de marzo, 1871; y 18 de noviembre, 1868. Que la demandante en sus argumentos orales y escritos funda como su más poderosa razón para la acción que ejercita, en el artículo 1801 del Código Civil, que lee como sigue:

"Artículo 1801.—La prueba del pago incumbe al que pretende haberlo hecho.  También corre a su cargo la del error con que lo realizó, a menos que el demandado negare haber recibido la cosa que se le reclame.  En este caso, justificada por el demandante la entrega, queda relevado de toda otra prueba.  Esto no limita el derecho del demandado para acreditar que le era debido lo que se supone recibió."

Que esta alegación, continúa la corte, estaba fundada en el hecho de que habiendo negado la demandada en su contestación que Salvador Suau hubiese efectuado cobro alguno indebido, y que la demandante según su manera de interpretar el artículo 1801 quedaba relevada de la necesidad de probar el error con que realizó el Sr. Catinchi el pago al Sr. Suau.  La corte, sin embargo, declara, con lo que estamos conformes, que el artículo 1801 debe interpretarse en relación con el 1796, si bien tenemos una forma algo distinta de considerar estos dos artículos de la que adoptó dicha corte.  Creemos que según la verdadera interpretación del artículo 1801, el demandante está relevado de la necesidad de probar el error solamente cuando el demandado ha negado haber recibido nada en absoluto.  La contestación en este caso se limitó a negar que no se había cobrado nada que no fuera lo debido.

En el alegato del apelante se hace objeción a la contestación y tal vez ésta pudo haber sido más específica, pero no se formuló objeción contra la misma en la corte inferior y creemos de todo el contexto de la misma, que resultó claro que los demandados no negaban que su causante hubiera recibido alguna suma de los demandantes, su derecho habientes o cesionarios, sino que negaban que lo que él recibió no se le debía y alegaban que cualesquiera sumas que se le hubieran pagado eran justas deudas.

La corte inferior declaró en su opinión que la misma prueba de los demandantes o sea la escritura de 12 de julio de 1883, era bastante para demostrar la legalidad de la deuda que tenía Catinchi con Suau, y que la confesión que hizo de haber recibido el dinero era obligatoria para él.  Es cierto

que los demandantes presentaron dos testigos que declararon con respecto a conversaciones que tuvieron con Catinchi, en las que éste le manifestó que no debía estas cantidades, pero estas manifestaciones fueron remotas, vagas, indeterminadas, e insuficientes para refutar lo que resultaba claramente en la escritura de 1893, y especialmente en un juicio que tuvo lugar en 1911.

Convenimos con los apelantes que Catinchi jamás ejercitó su derecho de retracto que le fué cedido por Alemany; pero como dejó de ejercitar su derecho, resulta que por el hecho de que éste en otra escritura exprese que debe 6,000 pesos a Suau, no ha quedado probado en manera alguna que los 6,000 pesos a que se hace referencia en el contrato, con respecto a la finca de Yauco, tengan relación alguna con los 6,700 pesos de que habla el contrato en cuanto a la finca de San Germán.

No apareciendo que haya mediado fraude, debe resolverse que la escritura presentada por los demandantes mostró debidamente que Catinchi era deudor de Suau, (*Cruz* v. *López et al.,* 17 D. P. R., 42), y que no se presentó prueba satisfactoria de haber cobrado Suau nada que no fuera lo que justamente se le debía.

Como no encontramos razones para impugnar la corrección de la consideración que la corte inferior hizo de la prueba que le fué sometida en el juicio, debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.

PETICIÓN DE RECONSIDERACIÓN DE SENTENCIA.

Resuelto en diciembre 4, 1912.

RECONSIDERACIÓN—DEMORA INJUSTIFICADA EN PEDIR LA RECONSIDERACIÓN.—Este caso fué resuelto en junio 26, 1912. En noviembre 27, 1912, la parte apelante pidió la reconsideración de la sentencia dictada por este Tribunal en dicha fecha. Se resolvió: que habiendo transcurrido próximamente cinco

meses desde que se dictó la sentencia hasta que se pidió su reconsideración, sin que se haya justificado dicha demora, ese motivo sería bastante para desestimar de plano la petición. Sin embargo, examinadas las razones alegadas en la petición de reconsideración, se resolvió que ellas no desvirtúan los fundamentos de la sentencia dictada en junio 26, 1912.

Los hechos están expresados en la resolución.

Abogado del peticionario: *Sr. Fernando Vázquez.*

El presente recurso de apelación fué decidido por esta Corte Suprema mediante sentencia dictada en 26 de junio del corriente año, la que se comunicó a la corte inferior en 1º. de julio siguiente, y en 27 de noviembre próximo pasado la parte apelante ha presentado escrito solicitando la reconsideración de dicha sentencia, habiendo transcurrido proximamente unos cinco meses desde el pronunciamiento de dicha sentencia hasta la presentación del escrito de reconsideración.

No se alega razón alguna que justifique la demora para la reconsideración solicitada y ese motivo sería bastante para que desestimáramos de plano la reconsideración; pero hemos examinado las razones alegadas por la parte apelante y ellas no desvirtúan los fundamentos en que descansa nuestra sentencia.

Se desestima la reconsideración pretendida.

*Denegada la reconsideración.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf, del Toro y Aldrey.