CIPRIANO MANRIQUE, demandante y apelado; *v.* ANTONIO RAMÍREZ GONZÁLEZ, demandado, y la Sucesión de DOÑA EUGENIA MATUTE, compuesta de JUAN, JOAQUÍN y DOLORES JIMÉNEZ MATUTE, demandados y apelantes.

No. 4137.—*Visto:* Abril 2, 1928. *Resuelto:* Julio 12, 1928.

*Rafael Arce,* abogado de los apelantes; *González Fagundo & González Jr.,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En este caso se dictó sentencia por esta Corte Suprema el 26 de julio de 1927 revocando la sentencia recurrida que había dictado la corte de distrito el 12 de mayo de 1925 en cuanto a los apelantes Juan, Joaquín y Dolores Jiménez Matute, y declarando, también en cuanto a ellos, sin lugar la demanda, sin especial condenación de costas. La sentencia quedó confirmada en cuanto al otro demandado Antonio Ramírez González.

El 6 de agosto siguiente se envió el mandato a la corte inferior. El 10 del propio mes de agosto el secretario de la corte de distrito acusó recibo del mandato.

Así las cosas, el 21 de octubre de 1927, la parte apelada presentó una moción pidiendo a esta Corte Suprema que reconsiderara su sentencia de 26 de julio del propio año.

La corte señaló un día para oir a las partes sobre la moción de reconsideración y los apelantes por escrito y oral-

mente entre otras alegaciones hicieron la de que la moción de reconsideración se había presentado demasiado tarde.

Expusieron además los apelantes que no sólo se había recibido el mandato en la corte inferior, si que la sentencia dictada por esta corte y registrada en la de distrito se había ejecutado, habiéndose a tal efecto solicitado por mociones de 24 de agosto y 15 de septiembre de 1927, notificadas al abogado del apelado, el levantamiento del embargo trabado sobre los bienes de los apelantes, levantamiento que fué decretado por la corte por órdenes de agosto 24 y septiembre 26 de 1927. Se acompañaron copias certificadas de las mociones y de las órdenes. Por la primera orden se declaró nulo el embargo trabado sobre cierta suma de dinero, ordenándose su devolución a los demandantes y por la segunda se dispuso que se cancelara cualquier inscripción en el registro practicada con motivo del embargo sobre bienes de los apelantes decretado a los efectos de asegurar la sentencia que pudiera dictarse en el pleito. Al ser notificada la segunda moción al abogado del apelado, firmó: "Notificado y conforme."

Siendo esos los hechos, no puede llegarse a otra conclusión que no sea a la de que la moción de reconsideración se presentó demasiado tarde.

En el caso de *Falcó* v. *Sucesión Suau,* 18 D.P.R. 744 esta corte dijo que "habiendo transcurrido próximamente cinco meses desde que se dictó la sentencia hasta que se pidió la reconsideración, sin que haya justificado la demora, ese motivo sería bastante para desestimar de plano la petición."

Aquí la parte apelada tardó en presentar su moción cerca de tres meses. La única explicación que dió, si no recordamos mal en el acto de la vista, fué la de que no había prisa puesto que esta corte se encontraba en vacaciones, explicación que carece de mérito. Si la moción se hubiera presentado dentro del término de diez días o si también dentro de dicho término se hubiera pedido a la corte que concediera otro mayor para radicar la moción y se hubiera soli-

citado la retención del mandato, éste no se habría remitido a la corte de distrito. Y nada dijo el apelado que indicara siquiera por qué no pudo actuar de tal modo. Tampoco se ha alegado fraude, accidente, inadvertencia o error.

Si bien ni la ley, ni las reglas de esta corte fijan el término dentro del cual deben presentarse las mociones de reconsideración, existe la práctica interior de no remitir los mandatos hasta el décimo día de dictadas las sentencias. Dentro de esos diez días es que deben presentarse las mociones de reconsideración o al menos anunciarse su presentación pidiendo la retención del mandato.

En el caso de *Royal Bank of Canada* v. *Goyco et al.,* resuelto *per curiam* el 10 de marzo de 1926, la corte se expresó así:

"Vista la moción levantando la cuestión de falta de jurisdicción presentada por la demandante-apelada y apareciendo de la certificación acompañada y de los autos que la moción sobre reconsideración de los apelantes fué radicada más de 10 días después de dictada la sentencia cuya reconsideración se solicita y después de archivada la sentencia en la corte de distrito y de presentado por la apelada un memorándum de costas que fué impugnado por los apelantes, y visto además el tomo 2 de Ruling Case Law, página 174, párrafo 150, se deja sin efecto la resolución de esta corte de julio 22, 1925, y *se confirma la sentencia apelada.*"

La cita de Ruling Case Law es muy interesante y se transcribe ahora en extenso. Dice:

"Una moción de reconsideración debe ser radicada dentro del término prescrito por los estatutos o por las reglas de la corte, y una petición radicada dentro del término prescrito será considerada. Una moción en que se solicita la modificación de un mandato de la corte suprema participa de la naturaleza de una moción de reconsideración y puede ser radicada dentro del término concedido para presentar mociones de reconsideración, a nombre de una parte que no ha renunciado tal derecho, no obstante haberse enviado copia certificada de la opinión al secretario de la corte inferior. Cuando se radica oportunamente una moción de reconsideración, la práctica es permitir que se hagan enmiendas después de haber expirado el término para radicar tal moción, señalando fundamentos adicionales

para la reconsideración. Cuando después de decidirse un caso y de haber emitido su opinión la corte de apelación el mandato de ésta es enviado a la corte sentenciadora por la vía ordinaria, y tal mandato es registrado en sus libros, es ley bien establecida que la corte de apelación, en ausencia de fraude, accidente, inadvertencia o error, carece de jurisdicción para solicitar la devolución del mandato y considerar una moción de reconsideración, y deberá denegarse una moción solicitando permiso para radicar tal petición, ya que es evidente que debe haber un fin en todo litigio y el punto lógico en que la jurisdicción de una corte de apelación debe terminar és el momento en que la corte sentenciadora adquiere jurisdicción nuevamente para actuar y poner en vigor cualquier sentencia que se haya dictado. También se ha resuelto que una corte no tiene autoridad para acceder a una reconsideración después que la sentencia final dictada sobre los méritos ha sido registrada. Además, la regla general de que la jurisdicción de una corte sobre sus propias sentencias no se extiende más allá del término prescrito, es aplicable a una corte de apelación y se ha resuelto que tal corte no tiene autoridad, después de transcurrido el término durante el cual la sentencia fué dictada, para dejarla sin efecto y acceder a una reconsideración.'' 2 R. C. L. p. 175.

Como es ésta una cuestión de práctica que debe ser bien conocida, parece conveniente transcribir además el resumen de la jurisprudencia sobre la misma tal como aparece en Corpus Juris. Es así:

''La cuestión de cuánto tiempo una corte puramente de apelación retiene jurisdicción sobre una causa, no debe decidirse siempre sobre los mismos principios que regulan la jurisdicción de cortes de jurisdicción general. La jurisdicción de una corte de apelación sobre una causa se pierde generalmente al expedirse y remitirse el mandato y tal jurisdicción se ha perdido en verdad después que el mandato ha sido radicado en la corte inferior y ésta ha actuado de conformidad con el mismo, pero según se demuestra más adelante, la corte de apelación puede, para algunos fines, ordenar la devolución del mandato para investirse nuevamente de jurisdicción. En algunos casos se ha resuelto que las cortes de apelación carecen de jurisdicción después de haberse enviado los autos a la corte inferior. Cuando el mandato no ha sido enviado a la corte inferior el caso continúa en la corte de apelación hasta que expira el término en que se ha decidido. Y en algunos casos se ha resuelto que la corte

de apelación conserva su jurisdicción hasta que expira el término, aun si se ha expedido el mandato. Si se ha confirmado la sentencia y se ha declarado sin lugar una moción de reconsideración, la causa ha dejado de estar pendiente en la corte de apelación y no puede ser revivida aunque el secretario expida un *procedendo*.

"En algunos estados se ha resuelto que una corte de apelación puede decidir si tiene derecho a readquirir jurisdicción para algún fin y que cuando decide tal cosa puede ordenar la devolución del mandato a fin de investirse nuevamente de jurisdicción. Esta regla ha sido criticada por las cortes de otros estados que se han negado a adoptar una regla tan amplia. Las reglas que se siguen más generalmente son que una corte de apelación carece de autoridad para solicitar la devolución de un mandato expedido en la forma ordinaria sin que haya habido inadvertencia y que no ordenará la devolución del mandato para reexaminar los méritos de la causa para conceder un remedio adicional, o para cambiar la substancia y efecto de su resolución final, bien porque una supuesta parte contraria no se hizo parte en la apelación, o para eliminar palabras redundantes en la sentencia. Sin embargo, puede ordenar la devolución del mandato cuando han habido errores de copia o fraude en la sentencia, cuando el mandato no está de acuerdo con la sentencia, cuando una de las partes no radicó una moción de reconsideración debido a información errónea dádale por el secretario de la corte de apelación, o cuando el mandato fué expedido prematura y erróneamente antes de expirar el término concedido por la ley para radicar la moción de reconsideración o para entablar recursos de apelación o de error para ante una corte aun más alta, siendo necesario, excepto en las cortes federales, que se ordene la devolución de un mandato ya expedido antes de poderse apelar para una corte superior, a pesar de que no se ordenará la devolución del mandato con el fin de conceder la apelación de resoluciones que ya se ha determinado que no son apelables. En algunas jurisdicciones se ha resuelto de plano que una corte no tiene autoridad para ordenar la devolución del mandato después de expirado el término durante el cual la sentencia fué dictada y el mandato fué expedido. Independientemente de su jurisdicción, una corte de apelación declarará sin lugar una moción solicitando se ordene la devolución del mandato cuando la parte que la presente es culpable de abandono y de falta de la debida diligencia, o cuando no ha cumplido con la regla de la corte que exige que se presenten declaraciones juradas y que se notifique la moción a la parte contraria. Otras cortes han resuelto que una moción para que se corrija la sentencia

equivale a una moción solicitando se ordene la devolución del mandato, que se puede ordenar la devolución de un mandato durante las vacaciones y que no procede una moción solicitando se ordene la devolución del mandato después que se actúa sobre otra moción de la misma clase.

"Después que una causa ha sido decidida en apelación y se ha devuelto a· la corte inferior, la corte de apelación no tiene jurisdicción para acceder a una reconsideración, por lo menos hasta tanto ordene la devolución del mandato con el fin de investirse nuevamente de jurisdicción. Cuando la ley exige que el secretario de una corte de apelación envíe los documentos del caso a la corte inferior dentro de determinado período de tiempo después de dictar sentencia, la corte no tiene jurisdicción para acceder a una reconsideración después de haber transcurrido el lapso de tiempo estatutorio independientemente de si los documentos han sido realmente enviados o no a la corte inferior.'' 4 C. J. págs. 1244–1246.

Continúa el texto resumiendo la jurisprudencia sobre el poder de la corte para anular, modificar o dejar sin efecto por sí misma sus sentencias y sobre el tiempo en que puede hacerlo.

En este caso la moción de reconsideración se limita a solicitarla. No hace la más leve petición para que se reclame el mandato. Y ya sabemos que el mandato no sólo fué remitido, sino archivado y produjo en la corte de distrito con el consentimiento del apelado sus efectos.

Por virtud de todo lo expuesto, debe desestimarse la *moción de reconsideración archivada en este caso.*