Sotero Mojica y Candelaria Anzalota, peticionarios, *v.* Corte de Distrito de Bayamón, Hon. Luis Samalea Iglesias, Juez, demandada.

No. 1061.—*Sometido:* Diciembre 16, 1935. *Resuelto:* Enero 31, 1936.

*E. Martínez Rivera,* abogado de los peticionarios; *J. P. Morales* y *Dubón & Ochoteco,* abogados de los demandantes en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Ante la Corte Municipal de Toa Alta entablaron demanda de desahucio Rosalía Suárez Morales viuda de Fuentes y Aurelia, Elisa, María, Carmen, Rosalía, Manuela y Francisca Fuentes Suárez contra Sotero Mojica y su esposa Candelaria Anzalota. El pleito fué resuelto por sentencia favorable a las demandantes en octubre 29, 1934. No conformes los demandados, apelaron para ante la Corte de Distrito de Bayamón.

El 26 de marzo de 1935 la corte de distrito declaró con lugar la excepción previa de falta de partes formulada por los demandados y concedió a los demandantes diez días para enmendar su demanda. Solicitaron los demandantes una prórroga de diez días que les fué concedida, con la oposición de los demandados, y como transcurriera sin que tampoco dentro de ella se archivara la demanda enmendada, los demandados pidieron a la corte en abril 22, 1935, que dictara sentencia decretando el archivo y sobreseimiento del caso con las costas a los demandantes. En abril 26, 1935, la corte dictó la sentencia que fué comunicada a la corte municipal el 30 de dicho mes.

El propio día 30 de abril pero después de comunicada la sentencia, se presentó la demanda enmendada en la corte de distrito y una moción pidiéndole que dejara sin efecto su sen-

tencia de abril 26, 1935. Se opusieron los demandados alegando que la corte carecía de jurisdicción por ser ya firme su sentencia y haberse ejecutado por la corte municipal. Se reclamó el mandato a instancias de los demandantes y en mayo 29, 1935, la corte decidió la cuestión que se le planteara por una resolución cuya parte dispositiva dice:

La sentencia dictada el 26 de abril de 1935 se deja por la presente sin efecto, exonerando a los demandados de devolver a la Corte Municipal de Toa. Alta cualquier suma de dinero que a los efectos de esta apelación allí hubieren depositado y retirado a virtud de nuestra sentencia, pero deberán consignar los correspondientes cánones a partir de esta fecha.''

De esa resolución apelaron los demandados para ante esta Corte Suprema el 4 de junio siguiente.

Así las cosas los demandantes presentaron en la Corte de Distrito de Bayamón una ''Moción para que se sobresea el recurso de apelación.'' Alegaron como fundamento de ella el hecho de que los demandados que al apelar para ante la Corte de Distrito de la sentencia de la corte municipal fueron consignando en dicha corte municipal los cánones de arrendamiento desde noviembre 12, 1934 hasta abril 27, 1935, ascendentes a $96 y obtuvieron su devolución a virtud de la sentencia de abril 26, 1935, no habían consignado los cánones a partir del 29 de mayo de 1935 tal como se les ordenó por la resolución de esa fecha dejando sin efecto la dicha sentencia de abril 26, 1935. Oyó la corte a ambas partes y el 31 de julio, 1935, declaró con lugar la moción de los demandantes apelados y ordenó el sobreseimiento de la apelación interpuesta por los demandados. Pidieron éstos a la corte que reconsiderara su resolución y la corte se negó a ello por resolución de noviembre 27 último.

Fué entonces que los demandados pidieron a esta Corte Suprema que revisara los procedimientos de la corte de distrito por *certiorari*. El auto fué expedido el 3 de diciembre último celebrándose la vista el 16 con la sola asistencia de

los peticionarios. Consta la notificación a la otra parte en el pleito de desahucio.

■■ ¿Actuó sin jurisdicción la corte de distrito al dejar sin efecto su sentencia de abril 26, 1935? Aunque hubiera actuado con jurisdicción ¿venía obligada la parte demandada en el desahucio a cumplir con lo ordenado en la resolución dejando sin efecto la sentencia habiendo apelado como apeló de ella para ante esta Corte Suprema?

No hay duda alguna de que la corte de distrito en abril 26, 1935, resolvió la apelación interpuesta para ante ella sobreseyendo el caso de desahucio, que su sentencia fué comunicada a la corte municipal y que ésta la cumplió devolviendo a los demandados las cantidades que en concepto de cánones de arrendamiento habían ido consignando para mantener viva su apelación.

En el caso de *Manrique* v. *Ramírez,* 38 D.P.R. 540, 542, dijo esta corte:

"Si bien ni la ley, ni las reglas de esta corte fijan el término dentro del cual deben presentarse las mociones de reconsideración, existe la práctica interior de no remitir los mandatos hasta el décimo día de dictadas las sentencias. Dentro de esos diez días es que deben presentarse las mociones de reconsideración o al menos anunciarse su presentación pidiendo la retención del mandato."

Se hace referencia entonces al caso de *Royal Bank of Canada* v. *Goyco et al.,* resuelto *per curiam* en, marzo 10, 1926 (35 D.P.R. 1056), y se copian en extenso las citas de Ruling Case Law y Corpus Juris (2 R.C.L. 175 y 4 C. J. 1244) en que se basa la resolución.

Nos limitaremos a transcribir lo que sigue de la cita de Ruling Case Law:

"Cuando después de decidirse un caso y de haber emitido su opinión la corte de apelación el mandato de ésta es enviado a la corte sentenciadora por la vía ordinaria, y tal mandato es registrado en sus libros, es ley bien establecida que la corte de apelación, en ausencia de fraude, accidente, inadvertencia o error, carece de jurisdicción para solicitar la devolución del mandato y considerar una moción de reconsideración, y deberá denegarse una moción solici-

tando permiso para radicar tal petición, ya que es evidente que debe haber un fin en todo litigio y el punto lógico en que la jurisdicción de una corte de apelación debe terminar es el momento en que la corte sentenciadora adquiere jurisdicción nuevamente para actuar y poner en vigor cualquier sentencia que se haya dictado.''

El texto está sostenido por un caso de Oklahoma que contiene un estudio detenido de la cuestión. Nos referimos al de *Thomas* v. *Thomas,* 27 Okla. 801, 113 Pac. 1058, 35 L.R.A. (N. S.) 124, 133. De la opinión de la corte emitida por su Juez Presidente Sr. Dunn, copiamos lo que sigue:

''No habiéndose radicado moción alguna de reconsideración dentro de los quince días concedidos por la regla 9 de esta corte (20 Okla. IX, 95 Pac. VI) el mandato en esta causa fué enviado a la corte inferior en junio 22, 1910, anotado en sus libros, y una sentencia registrada a ese efecto por dicha corte en junio 30, 1910. En agosto 3, 1910, el abogado del demandante radicó una moción solicitando permiso para radicar una moción de reconsideración y se dictó orden decretando la devolución del mandato expedido. Así las cosas, la corte señaló día para la radicación de alegatos y argumentación oral tanto de la moción como de los méritos, y las cuestiones envueltas han merecido nuevamente la atención de la corte y del abogado. Nuestra jurisdicción para considerar el asunto es impugnada por el fundamento de que, después que esta corte ha rendido una decisión en una causa, y su mandato ha sido enviado a la corte inferior de acuerdo con las reglas de esta corte, y se ha anotado en sus libros sin mediar fraude, accidente, inadvertencia, o error, esta corte pierde su jurisdicción de la causa y no puede considerar una moción para reconsiderar. Esta es la primera vez que esta cuestión ha sido planteada y suscitada, o que nosotros hemos tenido la ocasión de analizarla y, después de dar a la misma nuestra más cuidadosa y detenida consideración, somos del criterio de que basados en la autoridad y en la razón la impugnación debe ser sostenida. Es evidente que todo litigio debe tener su fin, y el punto lógico en que debe terminar la jurisdicción apelativa sobre un procedimiento es aquel momento en que se ha investido de nuevo a la corte inferior de jurisdicción para actuar y hacer cumplir cualquier sentencia emitida.

''Un caso similar a éste es el de Dempsey v. Billinghurst, 8 S. D. 86, 65 N. W. 427. En él la Corte Suprema de South Dakota dice: . . . '' 'Está bien sentado, y al parecer, pudiera difícilmente ser

otro el principio, que cuando el mandato ha ido a la corte inferior sin mediar fraude, accidente, o inadvertencia, la corte superior ha perdido su jurisdicción en el caso, y no puede ordenar su devolución.' Refiriéndose al mismo asunto, la Corte Suprema de Carolina del Sur en el caso de Carpenter v. Lewis, 65 S. C. 400, 43 S. E. 881, dijo: 'La primera cuestión que debe ser considerada es si la corte tiene jurisdicción para considerar la moción solicitando que se devuelva el mandato. La sección doce del Código dispone que "la Corte Suprema puede revocar, confirmar, o modificar la sentencia, decreto u orden apelada, total o parcialmente, y en cuanto a alguna o todas las partes, y la sentencia será remitida ·a la corte inferior para ser ejecutada de acuerdo con la ley.' '' En el caso de Sullivan v. Speights, 14 S. C. 358, la corte dice: 'Bajo la regla de este tribunal, cuando un caso es oído y decidido, el mandato a la corte inferior no es enviado inmediatamente sino que siempre se le retiene durante diez días a menos que la corte lo disponga de otro modo. Y previa solicitud demostrando causa suficiente, cualquiera de los jueces, en cámara, puede ordenar que sea retenido hasta el tercer día de la próxima sesión. El objeto de esto es conservar la jurisdicción sobre el caso, a fin de que cualquiera de las partes que desee presentar una moción pueda tener oportunidad de hacerlo y la corte el poder de oírla. Sin embargo, después que el mandato es enviado el caso sale de los límites de la corte y ésta pierde su jurisdicción, y desde ese momento ninguna moción sobre la materia podrá ser considerada por la corte.'

"Uno de los casos mejor ·estudiados que confirman nuestro criterio sobre la materia lo es el de Ott v. Boring, 131 Wis. 472, 110 N. W. 824, 11 N. W. 833, 11 Am. & Eng. Ann. Cas. 857, en el que la corte, citando un gran número de autoridades estaduales y federales, dijo: 'La cuestión relativa al período jurisdiccional de cortes puramente apelativas es uno algo intangible, y no para ser decidido siempre por los mismos principios y fundamentos como aquéllos que regulan la jurisdicción de las cortes de jurisdicción general que tienen la facultad no sólo de celebrar el juicio y dictar sentencia, sino también la de ejecutar esta última. De un examen de las autoridades se desprende que se ha declarado casi unánimemente que, en ausencia de un estatuto que disponga lo contrario, la jurisdicción de la corte de apelaciones sobre un caso termina cuando en el curso ordinario de las cosas y sin mediar inadvertencia o fraude, se remite el mandato a la corte de jurisdicción general. (Citas) Esto aparentemente descansa en gran parte en la doctrina de que cuando el acto es realizado, la jurisdicción de la corte inferior, que ha que-

dado interinamente suspendida, se restablece, y que ambas cortes no pueden tener jurisdicción sobre el caso. También se sostiene generalmente en ausencia de estatuto, que el poder de una corte de apelaciones sobre su propia sentencia, al igual que el de todas las cortes, continúa hasta que expira el término en que la sentencia fué dictada, y termina entonces de manera absoluta, a no ser que termine antes con el envío del mandato a la corte inferior.' El caso antes citado puede también hallarse en 11 Am. & Eng. Ann. Cas. 875, donde está extensamente anotado, citándose casos de casi todos, si no de todos, los Estados de la Unión, como también de las cortes federales, y la regla general deducida de todos ellos por el autor de las anotaciones está en concordancia con ésta que aquí enunciamos, y es al efecto de que la jurisdicción de una corte de apelaciones sobre un caso cesa cuando ésta sin irregularidad ha resuelto las cuestiones envueltas, y ha ordenado el registro de la sentencia dictada de acuerdo con sus conclusiones, y el caso es enviado a la corte inferior para que tome las medidas que sean necesarias.''

La Ley (núm. 31) que regula las apelaciones de las sentencias dictadas por las cortes municipales para ante las de distrito, leyes de 1934, pág. 293, dispone que la sentencia que dicte la corte de distrito se remitirá por su secretario inmediatamente a la corte municipal. Aquí se remitió a los cuatro días y no sólo fué recibida si que se actuó sobre ella, devolviéndose los cánones depositados a la parte demandada. De hecho quedó ejecutada, pudiendo serlo porque de ella no cabía apelar de acuerdo con lo prescrito en la sección 18 de la ley de desahucio de 1905.

En condiciones tales se resolverá generalmente que la corte de distrito no debe actuar en ausencia de fraude, accidente, inadvertencia o error o de otras circunstancias de tal modo extraordinarias que justifiquen su actuación, y aquí no se alegó siquiera que hubiera habido fraude, accidente, error o inadvertencia en la rendición de la sentencia ni en su remisión a la corte municipal, ni existen circunstancias de tal modo extraordinarias que justifiquen la actuación de la corte de distrito. Lo que hizo la corte de distrito fué dejar su sentencia sin efecto por entender que la negligencia de la parte apelada al no archivar en tiempo su demanda enmendada era

excusable por deberse al trabajo abrumador que pesaba sobre su abogado cuando en verdad se trataba de una enmienda sencilla para hacer la cual se concedió un término de diez días que fué prorrogado a diez más que se dejaron de igual modo fenecer sin archivar la demanda enmendada.

La verdad es que la palabra inmediatamente que usa la ley sobre apelaciones contra sentencias de las cortes municipales de 1908, enmendada en 1934, debería quizá interpretarse como comprensiva de un término de cinco días por ejemplo a fin de que la corte de distrito en casos meritorios pudiera corregir cualquier error en bien de la justicia y aun dejar su sentencia sin efecto si ello fuera procedente dentro de ese término.

Habiendo actuado sin jurisdicción la corte de distrito, no es necesario contestar la segunda pregunta formulada. Sin embargo, parece conveniente consignar que de haber actuado la corte con jurisdicción, la apelación interpuesta contra su orden dejando la sentencia sin efecto no hubiera podido excusar el cumplimiento de la misma por parte de los peticionarios ya que dicha apelación no estaba autorizada por la ley. Si ésta no concede el recurso de apelación contra la sentencia misma en un caso de desahucio procedente de una corte municipal resuelto por una corte de distrito, menos puede concederlo contra una resolución de la corte de distrito dejando sin efecto su sentencia.

*Por los motivos consignados, se anulan las resoluciones de mayo 29, julio 31 y noviembre 27, 1935, de que se quejan los peticionarios.*