ANA INÉS DURÁN GALLARDO, por su madre Carmen Gallardo, demandante y apelante, *v.* JUAN COLL Y SOLER y sus hijos legítimos nombrados FRANCISCO Y ROSA COLL Y RIERA, éstos por derecho de representación de su legítima madre MAGDALENA RIERA RICOL; SALVIO, BAUDILIO DURÁN Y CINTRÓN; SILVERIO OLIVER, en representación de sus hijos menores de edad, tenidos en su esposa CARMEN DURÁN Y VÁZQUEZ, nombrados MAGDALENA, VICENTE, BAUDILIO, SILVERIO Y MANUEL OLIVER Y DURÁN; FRANCISCA DURÁN Y ROURA; CAROLINA, ROSA Y MAGDALENA DURÁN Y CAT; CARLOS DOITTEAU Y PONCE DE LEÓN o sus herederos y causahabientes; y ANGEL ACOSTA QUINTERO, demandados y apelados.

No. 3319.—*Visto:* Febrero 12, 1926.     *Resuelto:* Marzo 2, 1926.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—RADICACIÓN DEL TRANSCRIPT DE LA EVIDENCIA—TÉRMINO PARA RADICARLO—PRÓRROGA—PRÓRROGA VENCIDO EL TÉRMINO.—Vencido un término para presentar la transcripción de la evidencia, sin haberse solicitado prórroga dentro del mismo, carece la corte inferior de jurisdicción para prorrogar el término ya expirado (*Claudio* v. *Ortiz,* 29: 443, confirmado).

2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—RADICACIÓN DEL TRANSCRIPT DE LA EVIDENCIA—TÉRMINO PARA RADICARLO—PRESENTACIÓN FUERA DEL TÉRMINO.—Procede eliminar de los autos de apelación la transcripción de la evidencia presentada después de haber vencido el término concedido para ello.

3. Apelación y Error—Desestimación, Retiro y Abandono—Desestimación a Instancia de la Corte de Apelación—Recurso que no Tiene Razón de Ser.—Admitido por un apelante ante el Supremo—en caso en que la transcripción de la evidencia debe ser eliminada de los autos de apelación—que el recurso, sin dicha transcripción, no tiene razón de ser, procede desestimar el mismo.

Moción presentada por los apelados para eliminar de los autos de apelación la transcripción de la evidencia. *Desestimada la apelación.*

*José E. Benedicto* y *Pedro Albizu Campos,* abogados de la apelante; *Angel Fiol Negrón* y *Rafael Martínez Nadal,* abogados de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Interpuesta la apelación en este caso la corte inferior ordenó al taquígrafo el 18 de diciembre de 1923 que preparara la transcripción de la evidencia para la apelación dentro del término de veinte días, que vencieron el siete de enero siguiente. Siete días después de vencido ese término el taquígrafo solicitó el 14 de enero, 1923, que le fuera prorrogado el término anterior y la corte le concedió al siguiente día una prórroga de treinta días que vencieron el 15 de febrero. El 3 de abril de 1924 el taquígrafo solicitó nueva prórroga de noventa días, sin que haya constancia de que le fuera concedida por la corte. El 14 de junio siguiente el taquígrafo presentó la transcripción de la evidencia. El apelado pidió a la corte inferior que fuera eliminada esa transcripción por estar radicada fuera del término de ley pero esa petición no fué resuelta y la transcripción fué aprobada por dicha corte el 23 de junio de 1925.

Fundado el apelado en esos hechos nos pide que eliminemos de los autos de apelación la transcripción porque la corte de distrito actuó fuera de su jurisdicción al aprobarla; y aunque antes de ahora, el 8 de abril de 1924, en una moción de desestimación se alegaron esos hechos, no se fundó en ellos la petición sino en que estaba vencido con exceso el término para que el taquígrafo presentara su transcripción, cuya moción negamos el 13 de junio de 1924 por el único

fundamento de que el hecho de que no exista una exposición del caso no es bastante por sí solo para desestimar la apelación, puesto que puede presentarse una copia del legajo de la sentencia y resolverse el recurso.

[1, 2] Tiene razón el apelado pues habiendo vencido el siete de enero de 1923 el término de veinte días que fué concedido al taquígrafo para preparar y presentar la transcripción de la evidencia sin que durante él se solicitara prórroga, carecía la corte de distrito de jurisdicción para prorrogar el 15 de enero un término que ya había expirado, según hemos resuelto en el caso de *Claudio* v. *Ortiz* y otros en él citados. 29 D.P.R. 443. La prórroga solicitada el 3 de abril de 1924 por el taquígrafo no consta que fuera concedida por la corte, y aunque lo hubiera sido sería tan nula como la anterior por igual motivo.

[3] Por lo expuesto la transcripción de la evidencia debería ser eliminada de esta apelación, mas como el apelante admitió ante nosotros que sin ella su apelación no tiene razón de ser, *desestimaremos la apelación.*