Alfredo Campos, peticionario, *v.* La Corte de Distrito de Ponce, Hon. Roberto H. Todd, Jr., Juez, demandado.

No. 517.—*Visto:* Mayo 24, 1926.  *Resuelto:* Junio 26, 1926.

1. Nuevo Juicio—Procedimientos para Conseguir un Nuevo Juicio—Presentación del *Transcript* de la Evidencia a los Efectos de la Solicitud—-Término para Presentarla—Prórrogas.—Aunque hayan quedado sin proveer ciertas peticiones de prórroga, la corte puede conceder prórrogas posteriores cuando todas se han archivado en tiempo.

2. Certiorari — Naturaleza· y Fundamentos — Falta de Jurisdicción en el Tribunal para Actuar—En General.—Sosteniéndose, como fundamento de un *certiorari*, el que una corte está actuando sin jurisdicción al conceder ciertas prórrogas, no demostrándose la falta de jurisdicción de la corte para actuar, el auto expedido debe ser anulado.

Certiorari para revisar actuación de *R. H. Todd, Jr.,* J. (Ponce), al conceder prórroga para la presentación de la transcripción de la evidencia a los efectos de una solicitud de nuevo juicio.  *Anulado el auto expedido.*

*Leopoldo Tormes,* abogado del peticionario; *Tous Soto & Pérez Marchand* comparecieron especialmente en nombre del recurrido.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se sostiene por el peticionario que la Corte de Distrito

de Ponce está actuando sin jurisdicción al conceder prórrogas para la presentación de la transcripción de la evidencia a los efectos de la solicitud de un nuevo juicio.

[1, 2] De los autos aparece que la corte dictó sentencia declarando la demanda con lugar el 30 de julio de 1925; que en 10 de agosto siguiente se presentó una solicitud de nuevo juicio; que el 17 del propio mes de agosto la demandada solicitó un término de 10 días para preparar y someter a la aprobación de la corte la exposición del caso base de su solicitud; que nada resolvió la corte, presidida entonces por R. Díaz Cintrón; que el 29 de agosto la demandada apeló de la sentencia para ante el tribunal supremo consignando en su escrito que lo hacía sin perjuicio de la moción de nuevo juicio radicada ya y pendiente de resolución; que el propio día 29 la demandada solicitó de la corte que ordenara al taquígrafo que preparara la transcripción de la evidencia "que en sustitución del pliego de excepciones y exposición del caso ha de usarse en la apelación interpuesta" y la corte así lo ordenó el 5 de septiembre siguiente, firmando la orden el juez R. Díaz Cintrón; que figura después un escrito de agosto 26, 1925, pidiendo veinte días más para preparar la exposición del caso a los efectos de la moción de nuevo juicio, moción que tampoco fué resuelta por la corte; que en septiembre 19, 1925, se archivó otro escrito en el cual se dice "que no siendo suficiente la prórroga de veinte días que concedió la corte para radicar la exposición del caso, a los efectos de la moción de nuevo juicio," solicita una nueva prórroga de veinte días, a cuyo escrito recayó la siguiente resolución, firmada por el nuevo juez de la corte R. H. Todd, Jr.;—"concedida la nueva prórroga solicitada. . . . ."

Luego siguen seis escritos más de prórroga para preparar la exposición del caso basados en que la transcripción de la evidencia había sido ya radicada por el taquígrafo pero no certificada por el juez, todos resueltos favorablemente por la corte. El 15 de febrero de 1926, el juez Todd

se declaró sin jurisdicción para aprobar la "transcripción de la evidencia" que le fué sometida por no haber intervenido en el juicio. El 8 de marzo a petición de la apelante concedió la corte treinta días para preparar y radicar la "exposición del caso a los fines del nuevo juicio."

Sigue una moción de señalamiento de vista, dirigida a R. Díaz Cintrón, a los efectos de aprobar "la transcripción de la evidencia preparada por el taquígrafo de este tribunal en este pleito que habrá de servir de base para la apelación interpuesta ante la Corte Suprema de Puerto Rico." Al día siguiente el demandante pidió que la anterior moción fuera incluída en el calendario para ser discutida y el 23 del propio mes de marzo archivó una oposición a que se concediera el nuevo juicio solicitado uno de cuyos fundamentos fué el de que no existían términos hábiles para aprobar la transcripción en la que la solicitud de nuevo juicio intentaba basarse. El propio día 23 la corte se negó a considerar la cuestión suscitada porque no había sido aprobada aún la transcripción y el 30 denegó la solicitud del apelado. Lo último que aparece en los autos originales es una solicitud de prórroga de treinta días, fechada el 17 de abril, 1926, para preparar la exposición del caso a los fines del nuevo juicio.

La cuestión a decidir es si habiendo quedado sin proveer las solicitudes de prórroga de agosto 17, 1925 y agosto 26, 1925, pudo el juez Todd conceder la serie de prórrogas que comienzan en septiembre 24 a que hemos hecho referencia.

La regla de que no puede prorrogarse un término vencido está universalmente reconocida y ha sido aplicada en muchas ocasiones por esta Corte Suprema. Ultimamente en el caso de *Durán Gallardo* v. *Coll,* 35 D.P.R. 113, 114, se dijo:

"Interpuesta la apelación en este caso la corte inferior ordenó al taquígrafo el 18 de diciembre de 1923 que preparara la transcripción de la evidencia para la apelación dentro del término de veinte días, que vencieron el siete de enero siguiente. Siete días después

de vencido ese término el taquígrafo solicitó el 14 de enero, 1923, que le fuera prorrogado el término anterior y la corte le concedió al siguiente día una prórroga de treinta días que vencieron el 15 de febrero. El 3 de abril de 1924 el taquígrafo solicitó nueva prórroga de noventa días, sin que haya constancia de que le fuera concedida por la corte. El 14 de junio siguiente el taquígrafo presentó la transcripción de la evidencia. El apelado pidió a la corte inferior que fuera eliminada esa transcripción por estar radicada fuera del término de ley pero esa petición no fué resuelta y la transcripción fué aprobada por dicha corte el 23 de junio de 1925.

"Fundado el apelado en esos hechos nos pide que eliminemos de los autos de apelación la transcripción porque la corte de distrito actuó fuera de su jurisdicción al aprobarla. . . . .

"(1–2) Tiene razón el apelado pues habiendo vencido el siete de enero de 1923 el término de veinte días que fué concedido al taquígrafo para preparar y presentar la transcripción de la evidencia sin que durante él se solicitara prórroga, carecía la corte de distrito de jurisdicción para prorrogar el 15 de enero un término que ya había expirado, según hemos resuelto en el caso de *Claudio v. Ortiz* y otros en él citados. 29 D.P.R. 443. La prórroga solicitada el 3 de abril de 1924 por el taquígrafo no consta que fuera concedida por la corte, y aunque lo hubiera sido sería tan nula como la anterior por igual motivo."

La diferencia que encontramos entre éste y el caso citado de *Durán Gallardo v. Coll* es que aquí si bien no se proveyeron los escritos de prórroga es lo cierto que fueron archivados en tiempo y pueden considerarse implícitamente resueltos por la actitud asumida posteriormente por la corte o puede estimarse que están pendientes aún de resolución. Es sabido que se cumple con la regla cuando la solicitud de prórroga se hace antes de vencido el término aunque la resolución de la corte recaiga después retrotrayéndose en tal caso sus efectos a la fecha del vencimiento.

*Siendo ello así, no habiéndose demostrado la falta de jurisdicción de la corte de distrito para actuar, el auto de certiorari expedido debe ser anulado.*