C. LÓPEZ PÉREZ, INC., demandante y apelante *v.* THE WESTERN ASSURANCE Co., demandada y apelada.

No. 4448.—*Sometido:* Marzo 7, 1929. *Resuelto:* Nov. 14, 1929.

*R. Rivera Zayas,* abogado de la apelante; *J. H. Brown* y *C. Ruiz Nazario,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de una acción sobre cobro de póliza por incendio. La Corte de Distrito de San Juan falló a favor de la compañía de seguros demandada. Virtualmente, la única impugnación que se hace a la sentencia es que la corte erró al apreciar la prueba.

La apelada llama la atención hacia los defectos del alegato del apelante. No hubo un cumplimiento suficiente de las reglas de este tribunal, especialmente por no hacer el alegato

 

una relación del caso. El señalamiento de errores era defectuoso por no contener una verdadera tentativa de ser definido o específico. Igualmente, el alegato es todo menos un documento de fácil lectura. El trabajo mecanográfico fué pobremente hecho, sin espacios dobles regulares, y se escribieron las páginas sin espacio marginal en uno u otro lado, y muy poco en la parte superior. Sin embargo, como el error señalado es en efecto único, le prestaremos alguna consideración.

 Según leemos la opinión de la corte, su decisión se basó en dos fundamentos: que la demandante no tenía derecho a recobrar los $15,000 reclamados por ser su prueba de pérdidas falsa y fraudulenta, y porque al ocurrir el siniestro sólo tenía en su poder o en su establecimiento alrededor de la cuarta parte de la mercancía que hizo constar en su inventario. Estas conclusiones o resultados a que llegó la corte están completamente justificados por la evidencia.

La prueba tendió a demostrar que el alegado inventario fué hecho en orden alfabético. La corte comentó severamente esta circunstancia, y dedujo que era prácticamente imposible que en una farmacia pudiera practicarse un inventario en orden alfabético. Los efectos en una botica no están colocados en esa forma, y la probabilidad sería que la demandante tomó un catálogo y anotó sus existencias de conformidad con el mismo. No sólo fué esto así, sino que, tal como indicó la corte, testigos respetables de la demandada que habían visto las existencias prestaron declaración tendente a demostrar que los artículos que había en la farmacia no tenían un valor de más de alrededor de $4,000, mientras que la reclamación era por $15,000. Hubo prueba testifical de la demandante al efecto de que las ventas de su farmacia ascendían a cerca de $40 diarios, y fué opinión de un perito que tales ventas ordinariamente representarían existencias por valor de $4,000 o $5,000. Podría aparecer que no había motivo alguno para que la demandante tuviera tantas existencias si sus ventas eran tan pequeñas.

Sin embargo, aun si hubiese inconsistencias en las declaraciones de los distintos testigos de la demandada, el peso de la prueba respecto a las pérdidas recaía sobre la demandante, y la corte no creyó a sus testigos.

Por vía de ejemplo la corte mencionó alguna de la prueba que no creyó. La apelante funda su crítica en algunas de estas especificaciones. La corte no estuvo equivocada al hacer esas especificaciones, pero en adición a ellas basó su decisión concluyentemente en el hecho de no creer a los testigos de la demandante excepto uno. Según hemos sugerido en *Deliz* v. *Deliz* 40 D.P.R. 77, cuando la corte no cree las manifestaciones de los testigos de una u otra parte, no es necesario que exponga todos los motivos que ha tenido para ello. La corte dió numerosas razones para su decisión.

En esta discusión no hemos tratado de segregar la prueba de pérdidas fraudulenta del hecho de haber dejado la demandante de ser dueña o poseer la cantidad de mercancías reclamada.

■ Es ley bien establecida que cuando la prueba de pérdidas es fraudulenta o cuando la reclamación es harto excesiva, el demandante no puede recobrar bajo las condiciones de una póliza como la del presente caso. *Pottle* v. *Liverpool & London & Globe Ins. Co.*, 81 Atl. 481; *Fire Ass'n of Philadelphia* v. *Allesina*, 89 Pac. 960; *Alfred Hiller Co.* v. *Insurance Co. of North America*, 52 So. 104; *Huchberger* v. *Home Fire Ins. Co.*, 5 Bis. 106, 12 Fed. Cas. 793 (No. 6821).

Quedamos impresionados por la cita que hace la corte inferior de *Huchberger* v. *Home Fire Ins. Co., supra:*

"En casos de esta índole el demandante debe venir a la corte con manos limpias. Se presume que el asegurado sabe mejor que nadie cuál es el valor de sus bienes y la monta de su pérdida, y está obligado a hacer su informe de pérdidas honradamente, sin tratar de obtener más de los daños que realmente ha sufrido; y así, esa regla de derecho destruye todas las reclamaciones que no se hagan honradamente, y se aplica con el fin de proteger a las compañías de seguros de fraudes que de otro modo podrían perpetrarse contra ellas. Es una regla que no puede perjudicar a ningún hombre honrado."

Hasta aquí sólo hemos discutido las cuestiones resueltas por la corte inferior. La apelada insiste en que la corte también pudo haber fallado a favor de la demandada por otros fundamentos. Si bien la posición de la demandada es algo técnica, y probablemente no hubiera sido levantada en un caso justo, sin embargo, convenimos con la apelada en que la corporación demandante no probó claramente que los bienes le pertenecieran al tiempo de la pérdida. Parece que el traspaso a la corporación demandante no había sido hecho en debida forma.

También tenemos la idea, según sostiene la apelada, de que la demandante no llevaba libros adecuados, o de que no practicó el debido inventario.

Se suscitaron una o dos cuestiones más que hallamos innecesario discutir.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison no intervino.