Félix García, demandante y apelante, *v.* Palatine Insurance Co., Ltd., demandada y apelada.

No. 5903.—*Sometido:* Diciembre 21, 1931. *Resuelto:* Diciembre 24, 1931.

*Pellón & Ayuso,* abogados del apelante; *J. Henri Brown, C. Ruiz Nazario y G. González,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El fundamento principal de la moción para desestimar este caso es que el apelante dejó de obtener determinada prórroga para radicar la transcripción de la evidencia. La certificación del secretario de la corte de distrito demuestra que, después de haber obtenido prórrogas anteriores, el taquígrafo de la corte de distrito solicitó y obtuvo en mayo 26, 1931, una prórroga de treinta días. Toda vez que el mes de mayo tiene 31 días, esa prórroga venció el 25 de junio, 1931. El 26 de junio el taquígrafo pidió otra prórroga, que fué concedida, y así sucesivamente.

Aunque la diferencia es de sólo un día, sin embargo, a tenor de las reiteradas decisiones de este tribunal, la Corte de Distrito de San Juan carecía de facultad para conceder una prórroga como tal por haber vencido el término anterior. *Belaval* v. *Córdova,* 21 D.P.R. 538; *Durán Gallardo* v. *Coll,* 35 D.P.R. 113; *Claudio* v. *Ortiz,* 29 D.P.R. 443.

No importa que algunas de las prórrogas obtenidas lo fueran dentro del término concedido. Si la corte simplemente firmó "como se pide", esta incertidumbre, bajo el caso de *Belaval* v. *Córdova, supra,* no podría ayudar al apelante, y el término en realidad se hace preciso acudiendo a la solicitud del taquígrafo.

No se trató en este caso de invocar el artículo 140 del Código de Enjuiciamiento Civil, ya en la corte inferior o en este tribunal. La prórroga concedida el 26 de junio no lo fué en sentido alguno en ejercicio de facultades discrecionales. En *Mercado et al* v. *Sucn. Ferreiro,* 26 D.P.R. 492 y otros casos, esta corte ha resuelto que el taquígrafo es un agente del apelante para la obtención de prórrogas, pero no es tal agente para el logro de un nuevo término. Aun si la corte inferior tenía discreción al amparo del artículo 140 del Código de Enjuiciamiento Civil—y este tribunal ha resuelto lo contrario en *Pardo* v. *Pardo,* 19 D.P.R. 1188 y *Díaz* v. *P. R. Ry. Light & P. Co.,* 32 D.P.R. 95—este poder discrecional, según hemos resuelto, no fué invocado en este caso.

La apelada también insistió en que el apelante dejó de cumplir con la orden de la corte inferior fijando el término para radicar, tal como lo entendemos, una transcripción de evidencia enmendada. Sin embargo, una vez que se radica debidamente la transcripción en la corte inferior, ésta tiene entonces discreción en cuanto a la fecha en que la aprobará.

*Debe desestimarse el recurso.*