Félix García, demandante y apelante, *v.* Palatine Insurance Co., Ltd., demandada y apelada.

No. 5903.—*Sometido:* Enero 25, 1932. *Resuelto:* Enero 28, 1932.

*Pellón & Ayuso,* abogados del apelante; *J. Henri Brown, C. Ruiz Nazario* y *G. González,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Se trata de un caso en que la corte de distrito concedió una prórroga para radicar la transcripción taquigráfica cuando ya había vencido el término anterior. Resolvimos, en efecto, que la corte carecía de poder o autoridad para conceder tal prórroga. 42 D.P.R. 978.

El apelante radicó moción de reconsideración y pidió que le concediéramos un nuevo término. La moción fué de-

negada en lo atinente al nuevo término porque una moción de reconsideración no era el medio adecuado para obtener un nuevo término.

 ▮ El 14 de enero, 1932, el apelante radicó una moción solicitando de este tribunal la concesión de un nuevo término. La moción no está jurada, ni la acompaña un *affidavit* de méritos respecto a la apelación.

La apelada no sólo se opone con fundamentos técnicos a que se declare con lugar la moción, sino que sostiene que es frívolo el recurso. Es posible que se puedan mantener los motivos técnicos, pero consideraremos preferentemente la supuesta frivolidad de la apelación.

El apelante sostuvo durante la vista que la apelada no tenía derecho a fundarse en la transcripción taquigráfica que ella alegó fué aprobada por la corte sin poder o autoridad, y que así nos fué presentada. Es evidente, sin embargo, que un documento preparado por el apelante y certificado por él podía utilizarse para demostrar que, aun cuando fuese aprobado propiamente, no podía ayudar al apelante.

Hemos examinado los autos y las excepciones anotadas, y vemos en verdad que el caso, según sostiene la apelada, sólo envuelve el peso de la prueba. Tal como apunta la apelada, el apelante trató de cobrar una póliza de seguro. La prueba tendió a demostrar que el incendio ocurrió un domingo por la noche y que el demandante fué la última persona que estuvo en el lugar del siniestro. El demandante no llevaba libros, y declaró respecto a las existencias de su colmado en el momento del siniestro. El incendio sólo duró hora y media. La evidencia propendió a demostrar que la trastienda del demandante no podía haber contenido todas las mercancías que él declaró existían allí. Más particularmente, como el fuego sólo se prolongó por hora y media, hubo prueba tendente a demostrar que todo el contenido de la tienda, especialmente los enseres o moblaje, de haber estado allí, no pudo haber sido destruído en ese tiempo.

Podría ser que algún otro juez no llegara a una conclusión similar, pero hubo suficiente prueba para que la corte dijera, como en efecto dijo, que el incendio no fué casual. La corte también llamó la atención hacia el hecho de que los referidos artículos no aparecieron después del fuego, y de que de un gran número de latas sólo quedaron 83.

De suerte que tal parece como si al tiempo del siniestro el demandante, o no tenía la cantidad de mercancía que alegó, o tal vez jamás la tuvo, o aun removió parte de la mercancía, supuestamente asegurada, del local. Bajo estas circunstancias, el caso caería dentro de los principios enunciados en *Dragoni* v. *U. S. Fire Ins. Co.*, 36 D.P.R. 470, y *López Pérez* v. *Western Assurance Co.*, 40 D.P.R. 163.

Cualquiera duda que pudiera surgir en este caso debió haber sido disipada en un *affidavit* de méritos presentado por el apelante. En otras palabras, después que un caso es propiamente desestimado, el peso para demostrar que la apelación es meritoria recae fuertemente sobre el apelante.

*Convenimos con la apelada en que la apelación es frívola, y debemos declarar sin lugar la moción interesando se reinstale el caso.*