## DESMORNES *v.* DESMORNES.

Apelación procedente de la Corte de Distrito de Humacao.

No. 101.—Resuelto en febrero 28, 1907.

APELACIÓN—DESESTIMACIÓN Y RESTABLECIMIENTO DE LA APELACIÓN.—El Tribunal Supremo tiene facultades para dejar sin efecto la desestimación de una apelación y acordar el restablecimiento de la misma en los casos en que la desestimación hubiera tenido lugar por incumplimiento de las reglas de la corte y las razones dadas por el apelante sean buenas y suficientes á excusar tal incumplimiento.

ID.—En el caso de autos se desestimó la apelación por haber dejado de presentar su alegato la parte apelante; ésta pidió reconsideración y que se estableciera la apelación, alegando había consignado los fundamentos de su recurso en la relación de hechos, creyendo de buena fe que por haber procedido así estaba excusado de presentar alegato y que ésta era práctica expresamente autorizada por resolución del tribunal en otro caso en que el mismo abogado figuró como representante de una de las partes: *Se resolvió* que el error del abogado en este caso puede estar justificado por una mala inteligencia de la resolución referida, y que, atendidas las circunstancias del caso de autos, procede que se restablezca la apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Vías Ochoteco.*

Abogado de los apelados: *Sr. Hawkins.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

En 16 de enero de 1907, esta corte desestimó el caso de *Isabel y Josefa Desmornes* v. *Herederos desconocidos de Adolfo Desmornes,* por dejar el apelante de cumplir con la regla 54 de esta corte. El apelante ha presentado ahora una moción, solicitando de la corte que revoque su resolución y considere de nuevo el caso.

Cuando se presentó la moción pidiendo el desistimiento del caso, el apelante alegó que no había presentado el alegato, según lo exigía la regla 54, porque entendía de buena fe, y era su creencia, que tal alegato era innecesario y no se exigía por las reglas de esta corte en los casos en que había una exposición del caso junto con la misma apelación, en cuya exposición el apelante había cumplido con las prescripciones exigidas por la regla 54.

En la moción, pidiendo la reconsideración, el apelante alega además, que jamás ha sido negligente en el asunto. Que aun cuando no hubiera equivocado las prescripciones de la regla, no hubiera podido preparar su alegato mucho antes, puesto que el secretario de la corte de distrito no le entregó copia de la exposición del caso hasta el día 24 de diciembre de 1906. Además, que tan pronto como tuvo conocimiento que había sido presentada una solicitud pidiendo el desistimiento, seguidamente envió por correo una copia del alegato al Sr. Texidor, suplicándole que lo presentara en esta corte.

Se llama nuestra atención con respecto á diversas autoridades á fin de que esta corte, á su discreción, pueda reconsiderar un caso en que se ha hecho un desistimiento por incumplimiento de las reglas, y en el que el apelante da una excusa buena y razonable de su incumplimiento, no teniendo nosotros duda alguna con respecto á la facultad que tenemos sobre la cuestión. En verdad, la alegación principal del abogado de la parte apelada es que la corte no debió haber ejercitado discreción alguna en el presente caso.

Notamos que el alegato últimamente presentado por el abogado del apelante contiene los mismos puntos que fueron agregados á la exposición del caso. Surge ahora la cuestión, de si el apelante ha mostrado su derecho para exigir benevolencia de esta corte, cuando, es evidente que no se cumplió debidamente con las reglas de este tribunal hasta después de presentada la moción solicitando el desistimiento. Los procedimientos de los varios estados son diferentes en cuanto á la forma adoptada por las cortes para la presentación de los alegatos. Sin embargo, hay decisiones por las que algunas cortes de apelación, de acuerdo con reglas menos estrictas, han desestimado casos por dejar de presentar el alegato.

*Missouri Pa. Ry. Co.* v. *Illig.,* 20 Mo. App., 327.

*Conkling* v. *Cameron,* 3 Okl., 525, 41 Pac., 609.

*Shanks* v. *Carroll,* 50 Tex., 17.

*Smith v. Tenney,* 60 Ill., App., 442.

Esta corte insistirá generalmente en que se cumplan sus reglas. Por lo general no se hace señalamiento de los asuntos hasta que no ha sido presentado el alegato del apelante y vencido el término concedido al apelado para la presentación de su contestación.

En el caso sometido á nuestra consideración, sin embargo, creemos que el apelante mostró deseo de cumplir con el procedimiento de esta corte, según él lo entendía. Es verdad que en el caso de *Marcelino Solá Rodríguez* v. *Pedro Orcasitas Muñoz* ordenó que se preparase una exposición del caso con-

teniendo el error alegado y los fundamentos sobre los cuales el apelante fundaba su apelación. El abogado del apelante en este caso representaba al apelado en aquél y pudo haber incurrido en error por no entender el verdadero objeto de la resolución dictada en aquel caso por esta corte. Bajo estas circunstancias, creemos que la corte en el presente caso debe ejercitar su poder discrecional en favor del apelante y en su consecuencia ordena se deje sin efecto la resolución de 16 de enero próximo pasado y se continúe el curso de la apelación.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y MacLeary.