Santiago et al., Demandantes y Apelantes, *v.* Noa et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre reivindicación de condominio de finca urbana e indemnización de perjuicios.

Moción de la parte apelante para que se reconsidere la resolución de marzo 18, 1914, desestimando la apelación, y para que se restablezca ésta.

No. 1120.—Desestimada la apelación en marzo 18, 1914.

Denegada la reconsideración en mayo 9, 1914.

Transcripción de Autos—Radicación Fuera de Término—Defecto Jurisdiccional.—La omisión de radicar en tiempo oportuno la transcripción de autos no es un defecto jurisdiccional.

Desestimación de Apelación—Reconsideración de la Resolución—Excusas
  Inadmisibles.—Desestimada una apelación por no haberse radicado la trans-
  cripción de autos en tiempo oportuno este tribunal no haría uso de su
  facultad discrecional, en el supuesto de que la tuviera, para reconsiderar
  dicha resolución y restablecer la apelación, a menos que se alegaran razones
  poderosas para ello, siendo inadmisible la excusa de que la transcripción de
  autos no fué presentada a causa del estado nervioso en que se encontraba
  el abogado de los apelantes por razón de asuntos personales de familia, y
  por haberse perdido con tal motivo la transcripción de autos preparada.
Abogados—Actos y Omisiones que Afectan al Cliente.—Los actos y omisiones
  de un abogado en el ejercicio de su profesión afectan al cliente.
Desestimación de Apelación—Reconsideración de la Resolución—Affidavit
  de Méritos.—Cuando se solicita la reconsideración de una resolución deses-
  timando una apelación alegando que existen buenos motivos en derecho
  para sostener el recurso, debe presentarse un *affidavit* de méritos para jus-
  tificar dicha alegación.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Eugenio Benítez Cas-
taño y Savage & Francis.*

Abogados del apelado: *Sres. Alvarez Nava y Domínguez.*

El Juez Presidente Sr. Hernández, emitió la opinión del
tribunal con motivo de la reconsideración solicitada.

A virtud de moción de la parte apelada de 6 de marzo
último, ·este tribunal, por resolución del 18 del mismo mes
desestimó el recurso de apelación interpuesto en el caso arriba
expresado porque habiendo sido aprobada la exposición del
caso en 12 de enero del corriente año, y habiéndosele conce-
dido a la parte apelante en 11 de febrero siguiente una pró-
rroga de cinco días para presentar la transcripción de autos,
ésta no había sido radicada después de vencida dicha pró-
rroga.

La moción de desestimación fué notificada al abogado de
la parte contraria Don Eugenio Benítez Castaño en el mismo
día de su fecha, y al propio letrado fué notificada en 10 de
marzo otra moción de la parte apelada acompañando certi-
ficación del secretario de la Corte de Distrito de San Juan,
Sección 1ª., justificativa de hechos alegados en la moción,
cuya vista tuvo lugar en 16 de marzo sin asistencia de la
parte apelante.

Los abogados Savage y Francis en representación de los

apelantes han presentado moción en 22 de abril, en que piden reconsideremos la resolución de 18 de marzo y se ordene la inclusión del recurso en el calendario de la corte, a cuyo fin alegan que los abogados Socorro y Anderson llevaron sucesivamente en la corte inferior la defensa de los demandantes apelantes hasta el día 18 de septiembre de 1913 en que se encargó de ella el Licenciado Eugenio Benítez Castaño, quien siguió representándolos hasta la fecha de la resolución cuya reconsideración se solicita; que el licenciado Eugenio Benítez hizo la exposición del caso y preparó la transcripción del récord que fué terminada a mediados de Febrero del corriente año; que por esa fecha, según informes de los demandantes apelantes, el estado nervioso del abogado Benítez Castaño, debido a asuntos particulares, era tal que no podía llevar sus asuntos profesionales con la atención requerida, ignorándose el paradero del original de la transcripción del récord, pues sólo ha podido encontrarse una copia incompleta de ella; que los demandantes apelantes no tuvieron noticia de la resolución desestimando el recurso hasta el sábado 28 de marzo en cuyo día hablaron sobre el particular con los abogados Savage y Francis, habiendo aceptado éstos su representación el lunes 30 del propio marzo; que inmediatamente se preparó la transcripción del récord, la que fué certificada por el secretario de la Corte de Distrito de San Juan en 4 de abril; que desde que los abogados Savage y Francis aceptaron la representación de los demandantes apelantes han tratado de conseguir una declaración jurada de Benítez Castaño sobre los motivos por los cuales dejó pasar el término para la presentación de la transcripción del récord, sin que hayan podido conseguirla; que los apelantes tienen buenos motivos en derecho para sostener su apelación.

A la moción de reconsideración se acompañan la copia incompleta de la transcripción de autos según fué encontrada, la transcripción de autos certificada por el secretario de la Corte de Distrito de San Juan en 4 de abril, y dos declaraciones juradas de Juan Bonifacio de la Cruz Barbosa, uno

de los demandantes, y Alfredo Fortuño, esposo de María Teresa Alejandrina Barbosa, también demandante, estando ambos conformes en que el día 28 de marzo fué que tuvieron conocimiento de que la apelación había sido desestimada. La transcripción de autos certificada sólo comprende cuarenta y ocho páginas.

Afirma Juan Bonifacio de la Cruz Barbosa que en el mismo día 28 de marzo consultó con los abogados Savage y Francis quienes le prometieron investigar el asunto en las primeras horas del lunes 30 de marzo en cuyo día se encargaron del caso y les fueron entregados todos los documentos que por orden del Juan Bonifacio habían sido recibidos del Abogado Benítez Castaño, habiéndose hecho con toda prisa la transcripción del récord por no haber encontrado Benítez Castaño más que una copia carbón incompleta de la transcripción que él había preparado.

Alfredo Fortuño expresa en su declaración jurada que tuvo conocimiento por su cuñado Juan Bonifacio de la desestimación de la apelación; que a principios de marzo le mostró Don Eugenio Benítez Castaño un legajo de papel diciéndole que era la transcripción del récord, ya lista para presentar, y que dentro de 15 días también estaría listo su alegato; y que el mismo Benítez Castaño le informó que se le había pasado el término para la presentación de la transcripción del récord debido a su estado nervioso a consecuencia de asuntos personales de familia.

Ante las alegaciones hechas por la representación de los demandantes apelantes y documentos tendentes a comprobarlas, no nos sentimos inclinados a acceder a la reconsideración solicitada.

El artículo 299 del Código de Enjuiciamiento Civil enmendado por la Ley No. 70 de 1911, prescribe que la certificación a que se refiere deberá ser archivada en la secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado el pliego de excepciones y la exposición del caso, con la constancia de haberse entregado a los

abogados de las partes apeladas una copia literal de la misma, certificada por el abogado de la apelante. Y el artículo 303 del Código de Enjuiciamiento Civil estatuye que deberá desestimarse la apelación cuando la parte apelante deje de presentar la transcripción de autos o de cumplir los requisitos que exigen las leyes y reglamentos vigentes en materia de apelaciones.

Entendemos que la omisión de radicar en tiempo oportuno la transcripción de autos no afecta a la jurisdicción de este tribunal, pero aunque tal omisión no sea un defecto jurisdiccional, son tan claros y terminantes los preseptos legales anteriormente citados que si tuvieramos facultad discrecional para prescindir en algún caso del cumplimiento estricto de dichos preceptos, no la ejercitaríamos en favor de los demandantes apelantes, por faltar como faltan razones suficientemente poderosas a excusarles de la omisión de la presentación de la transcripción de autos en el término señalado por la ley.

Propiamente la única excusa alegada es la de que a pesar de haber sido terminada la transcripción de autos desde mediados de febrero último no fué presentada por el abogado de los apelantes, Benítez Castaño, a causa del estado nersioso en que se encontraba por asuntos personales de familia, habiéndose perdido dicha transcripción y héchose necesaria la preparación de otra nueva.

Esa excusa no es admisible si se considera en sí misma, pues los actos y omisiones de un abogado en el ejercicio de su profesión afectan al cliente. La moción de desestimación de apelación fué notificada al abogado Benítez Castaño en 6 de marzo, y a pesar de haberse celebrado la vista de ella diez días después, no compareció al acto ni alegó causa alguna para que se suspendiera si estaba impedido para asistir a ella. Tampoco se cuidó durante ese lapso de tiempo de preparar y archivar la transcripción de autos en la secretaría de esta Corte Suprema. Ocurre además que la transcripción del récord estaba ya certificada por el secretario

de la Corte de Distrito de San Juan en 4 de abril, y sin embargo no fué archivada en la secretaría de esta corte hasta el 22 del mismo mes, o sea, 18 días después.

Tampoco han presentado los apelantes *affidavit* de méritos para justificar que tienen buenos motivos en derecho para sostener su apelación según alegan.

No procederíamos en justicia si accediéramos a la pretensión de los demandantes apelantes, y acaso lastimaríamos los derechos de la parte demandada apelada.

Procede desestimar la reconsideración pedida.

*Denegada la reconsideración.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.