SCHLÜTER & CÍA. SUCR., apelado *v.* GONZÁLEZ ET AL. apelantes.

No. 4419.—*Visto:* Julio 9, 1928. *Resuelto:* Julio 28, 1928.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La cuestión de si procede o no la desestimación del recurso en este caso ha sido debatida varias veces por las partes ante el tribunal. Finalmente se declaró la desestimación con lugar por resolución de mayo 31, 1928.

El 18 de junio siguiente se presentó un escrito por el apelante pidiendo la reconsideración, y esta corte, el 28 del propio mes, proveyó así:

"Vistos la moción de reconsideración y el sugerido conflicto entre este caso y el de *Fernández* vs. *Alonso Riera y Co.*, resuelto el 4 de mayo último, y visto también el caso de *Campos* vs. *Corte de Distrito*, 35 D.P.R. 621, se reconsidera la resolución de la corte de mayo 31, 1928, y se señala una nueva vista de la moción de desestimación para el día 9 de julio de 1928, a las 2 p. m."

Se celebró la vista acordada y no sólo los abogados informaron de nuevo oralmente si que también han presentado amplios escritos tratando las cuestiones envueltas.

Una cuestión nueva y previa fué suscitada por el abogado de la parte apelada en la última vista y luego tratada en un escrito presentado al efecto. Nos referimos a la que versa sobre haberse presentado la moción de reconsideración demasiado tarde, cuando el mandato había sido ya devuelto a la corte de distrito y la sentencia se había ejecutado. Se acompañó al escrito, para probar el último extremo, una certificación expedida por el Secretario de la Corte de Distrito creditiva de haberse librado un mandamiento al Registrador de la Propiedad de San Juan en ejecución de la sentencia, ordenando la cancelación de cierta inscripción de dominio, mandamiento que fué expedido el 12 de junio último y cumplido por el registrador el 29.

La parte apelante no explicó oralmente la causa de su tardanza. Contestando por escrito luego, llama la atención sobre el hecho de que no cabe levantar la cuestión de la tardanza porque la resolución fué ya reconsiderada.

En la opinión emitida para fundar la resolución dictada por esta corte el 12 de julio actual en el caso de *Manrique* v. *Ramírez,* se estudia con alguna extensión la jurisprudencia relativa al término en que las reconsideraciones deben solicitarse.

. La regla de que las resoluciones de este tribunal no se remitan a las cortes de distrito hasta después de transcurridos diez días, es bien conocida y se adoptó precisamente en evitación de complicaciones, para que las partes pudieran pedir lo que creyeran procedente en derecho con respecto a ellas al mismo tribunal. Dicho término, que puede prorrogarse por justa causa, es suficiente.

En este caso, como hemos visto, no sólo pasaron los diez días, sino que remitido el mandato se ha llegado hasta la ejecución de la sentencia.

Siendo ello así, creemos que de acuerdo con los hechos y la jurisprudencia tal como fué expuesta en el dicho caso de *Manrique, supra,* y los en él citados, debe declararse que la moción de reconsideración se presentó demasiado tarde, sin que sea un obstáculo para poder adoptar esta resolución, la que dictáramos el 28 de junio último. Dicha resolución será anulada y en su lugar se dictará otra restableciendo las cosas al ser y estado que tenían antes de dictarse la resolución de 28 de junio, quedando así desestimada la apelación, y declarándose *no haber lugar a la reconsideración solicitada.*