Félix Juan Serrallés y Sánchez, demandante y apelante, *v.* Hon. R. Sancho Bonet, como Tesorero de Puerto Rico, demandado y apelado.

Juan Eugenio Serrallés y Sánchez, demandante y apelante, *v.* Hon. R. Sancho Bonet, como Tesorero de Puerto Rico, demandado y apelado.

Núms. 7764 y 7765.—*Sometidos:* Mayo 6, 1939. *Resueltos:* Junio 16, 1939.

*V. Zayas Pizarro,* abogado del apelante; *Hon. Procurador General B. Fernández García* y *M. Rodríguez Ramos, Procurador General Auxilar,* abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

En julio 28, 1938, se resolvió que las apelaciones interpuestas en estos casos debían desestimarse como se desestimaron por frívolas, quedando en su consecuencia confirmadas las sentencias apeladas que dictó la Corte de Distrito de Ponce en mayo 6, 1938.   53 D.P.R. 650.

En agosto 8, 1938, se remitió el mandato a la corte de distrito y en febrero 6, 1939, o sea más de cinco meses después, los apelantes presentaron mociones pidiendo a esta corte que dicte en ambos recursos resoluciones contentivas de los siguientes pronunciamientos:

"(A) Ordenando a la Corte de Distrito de Ponce remita el mandato en los casos del epígrafe para ante ese Hon. Tribunal, y hecho lo cual:

"(B) Esa Corte aclare o enmiende su resolución de fecha 28 de julio de 1938, en tales casos, en el sentido de ordenar que los mismos sigan tramitándose en forma regular y ordinaria ante la Corte de Distrito de Ponce; y

"(C) Dictando cualquier otra resolución o providencia que proceda en derecho y en justicia."

Oída la parte apelada, se opuso a las pretensiones de los apelantes. Tiene razón a nuestro juicio porque dado el tiempo transcurrido carece esta corte de autoridad para reclamar los mandatos, y ése sería el primer paso que habría que dar para resolver luego las otras peticiones.

Aquí los procedimientos ocurrieron normalmente. La propia corte de distrito desestimó las demandas a virtud de una excepción de falta de jurisdicción presentada por el Tesorero demandado, resolviendo que no era a ella si que a la corte municipal competente a la que correspondía conocer de los pleitos. Se apeló y esta Corte Suprema confirmó las sentencias recurridas y dentro del término reglamentario se remitieron los mandatos, no por fraude, ni por inadvertencia o error, sino actuando deliberadamente, de acuerdo con la práctica seguida en todos los casos.

Ni siquiera pidieron reconsideración los apelantes. Es después de cinco meses que actúan cuando se enteran de la decisión de esta corte en el caso de *A. Cuesta y Cía., Sucrs.,* v. *Sancho Bonet, Tes.,* 54 D.P.R. 87 y creen que la jurisprudencia sentada en la misma les favorece.

De modo consistente esta Corte Suprema ha aplicado la regla de que una vez que el mandato ha sido remitido a la corte sentenciadora, en ausencia de fraude, accidente, inadvertencia o error, no puede ser reclamado, negándose a reconsiderar sentencias ya comunicadas a las cortes que las dictaron. Véanse los casos de *Falcó* v. *Sucesión Suau,* 18 D.P.R. 744, *Royal Bank of Canada* v. *Goico, et al.,* 35 D.P.R. 1056, *González* v. *Sociedad Civil "Peña y Balbás",* 38 D.P.R. 1042, *Schlüter & Cía., Sucr.* v. *González, et al.,* 38 D.P.R. 249, *Manrique* v. *Ramírez González,* 38 D.P.R. 540 y *Mojica* v. *Corte,* 49 D.P.R. 535, especialmente los dos últimos en los que se estudia la cuestión con alguna amplitud y se cita jurisprudencia de las cortes del continente.

Como se expresó en el caso de *Thomas* v. *Thomas*, 27 Okla. 801, 113 P. 1058, 35 L.R.A. (N.S.) 124, 133, citado en el de *Mojica* v. *Corte*, supra.

". . . Es evidente que todo litigio debe tener su fin, y el punto lógico en que debe terminar la jurisdicción apelativa sobre un procedimiento es aquel momento en que se ha investido de nuevo a la corte inferior de jurisdicción para actuar y hacer cumplir cualquier sentencia emitida.

"Un caso similar a éste es el de *Dempsey* v. *Billinghurst*, 8 S. D. 86, 65 N. W. 427. En él la Corte Suprema de South Dakota dice: '. . . Está bien sentado, y al parecer, pudiera difícilmente ser otro el principio, que cuando el mandato ha ido a la corte inferior sin mediar fraude, accidente, o inadvertencia, la corte superior ha perdido su jurisdicción en el caso, y no puede ordenar su devolución.' Refiriéndose al mismo asunto, la Corte Suprema de Carolina del Sur en el caso de *Carpenter* v. *Lewis*, 65 S. C. 400, 43 S. E. 881, dijo: 'La primera cuestión·que debe ser considerada es si la corte tiene jurisdicción para considerar la moción solicitando que se devuelva el mandato. La sección doce del Código dispone que "la Corte Suprema puede revocar, confirmar, o modificar la sentencia, decreto u orden apelada, total o parcialmente, y en cuanto a alguna o todas las partes, y la sentencia será remitida a la corte inferior para ser ejecutada de acuerdo con la ley." En el caso de *Sulbivan* v. *Speights*, 14 S. C. 358, la corte dice: "Bajo la regla de este tribunal, cuando un caso es oído y decidido, el mandato a la corte inferior no es enviado inmediatamente sino que siempre se le retiene durante diez días a menos que la corte lo disponga de otro modo. Y previa solicitud demostrando causa suficiente, cualquiera de los jueces, en cámara, puede ordenar que sea retenido hasta el tercer día de la próxima sesión. El objeto de esto es conservar la jurisdicción sobre el· caso, a fin de que cualquiera de las partes que desee presentar una moción pueda tener oportunidad de hacerlo y la corte el poder oírla. Sin embargo, después que el mandato es enviado el caso sale de los límites de la corte y ésta pierde su jurisdicción y desde ese momento ninguna moción sobre la materia podrá ser considerada por la corte.'' ' ''

Parece conveniente consignar además que aunque no se titulen de reconsideración las mociones que estamos considerando y resolviendo, de hecho lo son. Van a la sustancia del caso. La enmienda que se pide consiste en ordenar a una corte que se ha declarado que no tiene jurisdicción que

continúe eso no obstante conociendo de los litigios y los resuelva en sus méritos por haber sido inducidos a error los demandantes por cierta jurisprudencia que dicen que se encontraba vigente al interponer sus demandas.

*Deben declararse las mociones sin lugar.*