El Pueblo de Puerto Rico, demandante y apelado, *v.* Luis Pérez Peña, acusado y apelante.

Núm. 8851.—*Resuelto:* Diciembre 4, 1941.

*Pedro Santos Borges,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EN MOCIÓN DE RECONSIDERACIÓN

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Este caso fué resuelto por sentencia de esta corte de noviembre 10 último, confirmatoria de la de la corte de distrito apelada. En noviembre 12 se notificó al acusado en la persona de su abogado y al fiscal y como transcurrieron los diez días que fijan nuestras reglas sin que se solicitara reconsideración o se hiciera petición alguna en relación con la sentencia, el 24 de dicho mes el mandato fué remitido a la corte de distrito.

Así las cosas, en noviembre 27 se presentó una moción de reconsideración por el acusado representado por otro abogado, limitándose a alegar, en cuanto a la remisión del mandato se refiere, lo que sigue:

"El mandato de esta Hon. Corte para que la Corte de Distrito de San Juan proceda a ejecutar la sentencia, ya ha sido enviado al tribunal inferior, y está para ordenarse la ejecución de la sentencia confirmada.

"La resolución de esta Hon. Corte fué notificada al abogado de récord del acusado apelante, y éste no tuvo oportunidad de enterarse del fallo rendido por esta Suprema Corte hasta el día de hoy, y por

tanto no pudo solicitar la reconsideración de la decisión de este Supremo Tribunal, antes del envío del mandato a la corte inferior."

█ No ha mucho esta corte, en el caso de *Serrallés* v. *Sancho Bonet, Tesorero,* 55 D.P.R. 142, 143, se expresó así:

"De modo consistente esta Corte Suprema ha aplicado la regla de que una vez que el mandato ha sido remitido a la corte sentenciadora, en ausencia de fraude, accidente, inadvertencia o error, no puede ser reclamado, negándose a reconsiderar sentencias ya comunicadas a las cortes que las dictaron. Véanse los casos de *Falcó* v. *Sucesión Suau,* 18 D.P.R. 744, *Royal Bank of Canada* v. *Goico, et al.,* 35 D.P.R. 1056, *González* v. *Sociedad Civil 'Peña y Balbás',* 38 D.P.R. 1042, *Schlüter & Cía., Sucr.* v. *González et al.,* 38 D.P.R. 249, *Manrique* v. *Ramírez González,* 38 D.P.R. 540 y *Mojica* v. *Corte,* 49 D.P.R. 535, especialmente los dos últimos en los que se estudia la cuestión con alguna amplitud y se cita jurisprudencia de las cortes del continente."

██ Bastaría lo expuesto para negar la reconsideración, pero como en la moción se suscita una cuestión constitucional que no fué levantada anteriormente en el recurso, ni tratada en su opinión por esta corte, y se insinúa una apelación para ante la Corte de Circuito de Apelaciones del Primer Circuito, hemos estudiado dicha cuestión y estamos convencidos de que carece de mérito.

Se sostiene que la ley número 14 de julio 8, 1936 ((2) pág. 129), por infringir la cual se condenó al acusado, no tenía virtualidad al tiempo de la acusación y la condena—año de 1940—porque la ley núm. 95, de mayo 12 de 1937 (Leyes de 1936–37, pág. 240) que pretendió darle vida no cumple con el requisito constitucional fijado en el párrafo noveno de la sección 34 de nuestra Ley Orgánica.

En ese rumbo alega el acusado que la ley núm. 14 de julio 8, 1936, fué un estatuto de carácter experimental para regir solamente por el período de dos años y un día, y que si bien por la ley núm. 95 de mayo 12, 1937, se pretendió darle carácter permanente, como no se cumplió con el requisito constitucional exigido por la Ley Orgánica, no se logró lo intentado.

No estamos conformes. Lo que la Ley Orgánica prescribe en el párrafo noveno de su sección 34 es:

"Ninguna ley será restablecida o enmendada, ni se dará mayor alcance a sus disposiciones, ni se conferirán las facultades en ella contenidas, haciendo referencia a su título solamente, *sino que toda la parte de ella* que sea restablecida, *enmendada, extendida* o conferida *será decretada nuevamente y publicada en su totalidad.*" (Itálicas nuestras.)

Y aquí el legislador cumplió con el precepto constitucional. La ley núm. 95 de 1937 no enmienda la núm. 14 de 1936 haciendo referencia al título de ésta solamente, si que en su título expresa que lo es "Para enmendar los artículos 7, 9 y 13 de la ley núm. 14, titulada . . ." y luego en su texto comienza decretando que "Los artículos . . . quedan por la presente redactados y enmendados de manera que lean y rijan como sigue:". Y entonces toda la parte de la ley núm. 14 de 1936 que se enmienda, esto es sus artículos 7, 9 y 13, se redacta y publica de nuevo en su totalidad. La otra parte de la ley que no se enmienda no es necesario publicarla de nuevo.

La circunstancia de que se tratara de una ley experimental para regir solamente durante dos años, no altera la situación si la voluntad legislativa queda como quedó en este caso claramente expresada en la forma que determina la ley.

Prescribía la sección 13 de la ley núm. 14 de 1936:

"Por la presente se declara que esta Ley es de carácter experimental y, por tanto, sus disposiciones estarán en vigor solamente por el período de dos años y un día, a partir de la fecha en que entre en vigor; y se declara, además, que esta Ley, por ser de carácter urgente y necesario, empezará a regir inmediatamente después de su aprobación."

Y ahora, tal como fué enmendada y redactada y publicada de nuevo en la ley núm. 95 de 1937, prescribe:

"La ley que por la presente se enmienda en la forma aquí enmendada tendrá carácter permanente, y toda ley o parte de ley que a ella se oponga queda por ésta derogada."

Y ello es suficiente para que todas las prescripciones de la ley núm. 14 de 1936 que no se enmendaron, continúen rigiendo como fueron originalmente redactadas, porque lo que se enmendó no fueron ellas sino las secciones 7, 9 y 13 que se redactaron y publicaron de nuevo, consistiendo precisamente la enmienda de la 13 en dar carácter permanente a la ley que antes lo tenía transitorio.

*Aunque pudiéramos, pues, entrar en la consideración de los méritos de la moción, siempre tendríamos que declararla sin lugar.*