EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS RIVERA MATOS (*a*) CHUSTO e IGNACIO RIVERA CARTAGENA (*a*) EL MUDO, acusados y apelantes.

Número 11230.

*Sometido:* 22 de junio de 1953. *Resuelto:* 28 de octubre de 1953.

*Santos P. Amadeo, Ángel Cruz Cruz, Rafael Pérez Marchand* y *Antonio José Amadeo,* abogados del apelante Rivera Matos; *Hon. Secretario de Justicia José Trías Monge* y *Jaime García Blanco, Fiscal Especial, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

Jesús Rivera Matos, peticionario, e Ignacio Rivera Cartagena, fueron acusados en el antiguo Tribunal de Distrito de Puerto Rico, Sección de Caguas, de un delito de asesinato en primer grado. Se les celebró juicio por jurado y éste trajo un veredicto de culpabilidad. Ambos procesados fueron sentenciados a reclusión perpetua. Apelaron, radicando oportunamente en este Tribunal el legajo de la sentencia y la transcripción de evidencia. La apelación fué desestimada en 11 de marzo de 1946, porque el abogado que a la sazón les representaba no radicó alegato, no obstante la

prórroga que le concedimos para hacerlo, ni compareció el día señalado para la vista del recurso. En 15 de mayo de 1953, presentó el peticionario una moción pidiéndonos que reconsideremos la resolución desestimando el recurso y que lo reinstalemos para que "siga el trámite que establece la Ley y el Reglamento de este Tribunal en casos criminales". Las razones en que funda su solicitud son, en síntesis, las siguientes: (a) que no fué informado por su abogado de "los trámites en relación con su caso", y nunca pudo comunicarse con él, (b) la Secretaría de este Tribunal no le notificó la resolución desestimando la apelación por falta de alegato,[1] (c) Se le privó de un juicio imparcial y justo, y la sentencia está viciada de nulidad, a juicio del peticionario, porque el tribunal a quo (a) no instruyó al jurado de que el peso de la prueba sobre el carácter voluntario de la confesión recaía sobre el fiscal, y que era deber del jurado determinar si la confesión había sido voluntaria, (b) resolvió dicho tribunal en presencia del jurado que la confesión había sido prestada voluntariamente, fundándose para ello en la conclusión de un testigo.

Se opone El Pueblo de Puerto Rico. Nos dice que carecemos de poder para reconsiderar y restablecer la apelación siete años después de dictada la resolución desestimándola "y de remitido el mandato al tribunal a quo". Alega además, que aún teniendo ese poder, no estaríamos justificados en reinstalar el recurso, porque no actuó el peticionario con la debida diligencia, y las cuestiones que plantearía en la apelación, de ser ésta reinstalada, no son meritorias.

Tiene razón El Pueblo de Puerto Rico al sostener que carecemos de autoridad para reconsiderar. No es posible hacerlo sin pedir la devolución del mandato que fuera enviado al tribunal a quo en 26 de mayo de 1946, *Serrallés* v. *Sancho Bonet, Tes.*, 55 D.P.R. 142; *Collazo* v. *Sancho Bonet, Tes.*, 55 D.P.R. 145, y esto no procede en el caso de autos. Es doc-

[1] La notificación se hizo al abogado del peticionario.

trina firmemente establecida que una vez que el mandato ha sido enviado a la corte sentenciadora, en ausencia de fraude, accidente, inadvertencia o error, no puede ser reclamado. *Serrallés* v. *Sancho Bonet, Tes.*, supra; *Pueblo* v. *Pérez Peña*, 59 D.P.R. 562; *People* v. *McDermott*, 97 Cal. 247; *People* v. *Egan*, 185 P.2d 82 (Cal.), y ninguna de esas circunstancias están aquí presentes. ([2]) Al desestimar la apelación, este Tribunal actuó deliberadamente, y dentro de sus poderes. Hemos resuelto que "radicar el alegato en apelación es requisito indispensable que debe cumplir el apelante para perfeccionar el recurso", y que éste puede ser desestimado si no se radica, sin que estemos obligados a escudriñar el récord en busca de errores, cuando por no haberse presentado el alegato, ninguno ha sido señalado. *Pueblo* v. *Buscaglia*, 58 D.P.R. 921. El mandato fué remitido al tribunal sentenciador en el curso ordinario del procedimiento, y en consonancia con la resolución desestimando la apelación.

Los casos de *Desmornes* v. *Desmornes*, 12 D.P.R. 127, *Santiago* v. *Noa*, 20 D.P.R. 443 y *Bonilla* v. *Alvarado*, Hábeas Corpus, número 422 (resuelto en 8 de diciembre de 1943) citados por el peticionario, son claramente inaplicables, porque en ninguno de ellos fué planteada la cuestión que ha sido suscitada en el de autos sobre la falta de autori-

---

([2]) En *Pueblo* v. *Pérez Peña*, supra, dictamos una sentencia que fué notificada al abogado del apelante, pero no a éste. Después de haberse enviado al tribunal a quo, el apelante, representado por otro abogado, solicitó la reconsideración. La denegamos, diciendo:

"No ha mucho esta corte, en el caso de *Serrallés* v. *Sancho Bonet, Tesorero*, 55 D.P.R. 142, 143, se expresó así:

" 'De modo consistente esta Corte Suprema ha aplicado la regla de que una vez que el mandato ha sido remitido a la corte sentenciadora, en ausencia de fraude, accidente, inadvertencia o error, no puede ser reclamado, negándose a reconsiderar sentencias ya comunicadas a las cortes que las dictaron. Véanse los casos de *Falcó* v. *Sucesión Suau*, 18 D.P.R. 744, *Royal Bank of Canada* v. *Goico et al.*, 35 D.P.R. 1056, *González* v. *Sociedad Civil 'Peña y Balbás'*, 38 D.P.R. 1042; *Schluter & Cía., Sucr.* v. *González et al.*, 38 D.P.R. 249, *Manrique* v. *Ramírez González*, 38 D.P.R. 540 y *Mojica* v. *Corte*, 49 D.P.R. 535, especialmente los dos últimos en los que se estudia la cuestión con alguna amplitud y se cita jurisprudencia de las cortes del continente.' ".

dad para reconsiderar después que el mandato ha sido enviado al tribunal sentenciador.

*La moción debe ser declarada sin lugar.*
El Juez Asociado Sr. Marrero no intervino.

Opinión concurrente del Juez Asociado Señor Negrón Fernández.

Aun cuando estoy conforme con la regla que informa la opinión del Tribunal en el sentido de que una vez que el mandato ha sido enviado al tribunal sentenciador no puede ser reclamado en ausencia de fraude, accidente, inadvertencia o error, hago reserva en cuanto a la aplicabilidad de esa regla a casos criminales en los cuales la apelación se haya desestimado por no haber radicado el abogado del apelante su alegato en este Tribunal, estando dicha apelación perfeccionada en todos sus demás extremos. En tales casos podrían existir circunstancias de tal naturaleza que descargaran al apelante mismo de responsabilidad por la falta de gestión de su abogado y que explicaran satisfactoriamente su tardanza en invocar, una vez conocida la causa de la desestimación, la discreción de este Tribunal para la reinstalación del recurso. Creo que estaríamos justificados en extender dicha regla para permitir el uso de nuestra discreción para reclamar el mandato no sólo cuando media fraude, accidente, inadvertencia o error, si que también cuando, por falta de alegato, el recurso se ha desestimado sin que el apelante hubiere autorizado el abandono del mismo o conocido oportunamente la causa de la desestimación. Nunca debe ser tarde, y nunca debe carecerse de poder, para la reinstalación, en bien de la justicia, de una apelación desestimada en tales circunstancias.

No obstante mi anterior criterio, estoy conforme con que se deniegue la solicitud de reinstalación en este caso ya que no hay hechos que permitan al Tribunal, bajo las normas arriba expuestas para la extensión de la regla de referencia, conceder dicha solicitud.