EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Christian Serrano Chang<br><br>Recurrido | Certiorari<br><br>2018 TSPR 205<br><br>201 DPR _____ |

Número del Caso:    CC-2016-1114


Fecha: 21 de diciembre de 2018


Tribunal de Apelaciones:

        Región Judicial de Arecibo – Guayama

Oficina del Procurador General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcdo. Luis R. Román Negrón
        Procurador General

        Lcdo. Iván E. Rivera Labrador
        Procurador General Auxiliar

        Lcdo. Juan B. Ruiz Hernández
        Procurador General Auxiliar


Abogados de la parte recurrida:

        Lcdo. Harry Olivero Llorens
        Lcdo. Goodwin Aldarondo Jiménez


Materia: Aplicación de doctrina de la ley del caso en lo que respecta controversias que han sido adjudicadas por otros paneles del Tribunal de Apelaciones.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

       Peticionario

       v.

                       CC-2016-1114

Christian Serrano Chang

       Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 21 de diciembre de 2018.

Nos corresponde determinar si un panel del Tribunal de Apelaciones erró al contradecir un dictamen de otro panel del mismo foro por entender que la ley del caso era errónea y podía causar una grave injusticia. Resolvemos que erró.

I

El 15 de agosto de 2013, el Ministerio Público presentó dos denuncias en contra del señor Serrano Chang por hechos en los cuales murió un menor, de dos años de edad, a causa de agresiones compatibles con golpes recibidos de un adulto. En la primera denuncia se le imputó una violación del Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de

23 de junio de 1971, 24 LPRA sec. 2404. La segunda denuncia fue por la alegada comisión del delito de asesinato en primer grado tipificado en el Artículo 93(a) del Código Penal de Puerto Rico, Ley Núm. 146-2012, 33 LPRA sec. 5142. El señor Serrano Chang compareció a la vista de determinación de causa probable para arresto y el tribunal determinó que existía causa por el delito de asesinato en primer grado. Sin embargo, no halló causa probable por el delito de posesión de sustancias controladas.

La vista preliminar se celebró el 20 de septiembre de 2013. El magistrado que presidió esa vista emitió una resolución en la que hizo constar que halló causa probable para acusar por asesinato en primer grado, por el inciso (a) del Art. 93 del Código Penal, supra. No hizo constar si halló causa probable para acusar por el asesinato estatutario que dispone el inciso (b) de ese artículo. El Ministerio Público presentó el pliego acusatorio, en el cual alegó lo siguiente:

> El/La fiscal formula acusación contra: Christian Serrano Chang
> Residente en: Bo. Tierras Nuevas, calle Tierras Llanas cerca de esc. [sic] elem. [sic.] PR
> Por el delito de: CP Art. 93(A) 1er Grado (2012) – Asesinato en Primer Grado
> Cometido en: Manatí, PR 10 de agosto de 2013, alrededor de las 8:00 de la noche de la siguiente manera:
> El referido acusado, CHRISTIAN SERRANO CHANG, allá en o para el día 10 de agosto de 2013, y en Manatí, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Arecibo, ilegal, voluntaria, criminal, deliberada e intencionalmente, ocasionó la muerte al ser humano, del menor de dos años de edad, DILAN DÍAZ SALGADO, con premeditación y/o al cometer y perpetrar el delito de maltrato intencional de menores, consistente en que golpeó a dicho menor

fuertemente en varias ocasiones, en diferentes partes del cuerpo, como consecuencia de lo cual le partió en dos pedazos su hígado y uno de sus pulmones, causándole traumas en su cabeza, rostro, pecho, abdomen, espalda y extremidades, lo cual le provocó la muerte a dicho menor.

Antes de que comenzara el juicio, el señor Serrano Chang solicitó que se enmendara el pliego acusatorio al amparo de la Regla 38(b) de Procedimiento Criminal, 34 LPRA Ap. II. Alegó que el lenguaje en la acusación no establecía una notificación adecuada de la causa de acción, ya que describía dos modalidades distintas del asesinato en primer grado. Además, expresó que el pliego acusatorio contenía delitos que no se establecieron en la vista preliminar, así como palabras altamente inflamatorias y perjudiciales para la defensa. Además, alegó que en la vista preliminar solamente se había encontrado causa por el Art. 93(a) del Código Penal, _supra_. Por ello, indicó que todo lo referente al delito de maltrato intencional de menores debía ser eliminado de la acusación, en específico la frase "y/o al cometer y perpetrar el delito de maltrato intencional de menores".

El Ministerio Público se opuso. Argumentó que las determinaciones tomadas por los jueces en este caso tienen una presunción de corrección y que la Regla 50 de Procedimiento Criminal, 34 LPRA Ap. II, permite alegaciones en la alternativa. El foro primario proveyó no ha lugar a la solicitud de enmienda al pliego acusatorio del señor Serrano Chang.

Inconforme, el señor Serrano Chang presentó una petición de *certiorari* ante el Tribunal de Apelaciones en la que alegó los mismos errores. En su oposición, el Ministerio Público señaló que la acusación imputaba el delito de asesinato en primer grado según tipificado en los incisos (a) y (b) del Art. 93 del Código Penal, *supra*. Argumentó que la omisión de la cita legal del Art. 93(b), *supra*, en el pliego acusatorio constituye un error de forma subsanable y que el contenido de la acusación cumple con lo resuelto en *Pueblo v. Vélez Rodríguez*, 186 DPR 621 (2012). Además, indicó que las alegaciones del pliego acusatorio son necesarias para probar los elementos del delito imputado y la intención del señor Serrano Chang de cometerlo.

El foro apelativo intermedio ordenó que se incluyera expresamente en la acusación el inciso (b) del Art. 93 del Código Penal, *supra*. Indicó que los hechos que se alegan en la acusación eran suficientes para imputar los delitos de asesinato en primer grado en las modalidades tipificadas en los incisos (a) y (b) del Art. 93 del Código Penal, *supra*. Expresó que el lenguaje en el pliego acusatorio contenía los elementos de ambos delitos. Concluyó que el único error que tenía la acusación era de forma, pues se omitió la cita del Art. 93(b) del Código Penal, *supra*.

Insatisfecho, el señor Serrano Chang presentó una petición de *certiorari* ante nos. Sin embargo, este Tribunal se negó a expedir el auto. Ante esto, el Estado enmendó el

pliego acusatorio para incluir la cita del inciso (b) del Artículo 93 del Código Penal, supra.

Se celebró el juicio y el jurado halló no culpable al señor Serrano Chang por el delito de asesinato en primer grado en la modalidad de asesinato premeditado, es decir, por el Art. 93(a) del Código Penal, supra. No obstante, lo halló culpable del asesinato estatutario con el delito base de maltrato intencional, dispuesto en el Art. 93(b) del Código Penal, supra.

El señor Serrano Chang solicitó el arresto del fallo. Indicó que el veredicto del jurado fue contrario a derecho. Arguyó que no se presentó prueba sobre los elementos del delito dispuesto en el Art. 93(b) del Código Penal, supra. Reiteró que, tras la vista preliminar, el tribunal solamente determinó causa para acusar por el delito de asesinato premeditado del Art. 93(a) del Código Penal, supra. El Ministerio Público se opuso. El foro primario proveyó no ha lugar a la petición del señor Serrano Chang.

Así, el señor Serrano Chang presentó una petición de certiorari ante el Tribunal de Apelaciones. Sin embargo, el foro apelativo intermedio se negó a expedir el auto en esa etapa procesal. Razonó que el peticionario Serrano Chang podría acudir en apelación, luego de que el Tribunal de Primera Instancia emitiera su sentencia.

El 2 de junio de 2014, el Tribunal de Primera Instancia condenó al señor Serrano Chang a cumplir 99 años de reclusión carcelaria por infracción al Art. 93(b) del Código Penal,

supra. El peticionario Serrano Chang acudió nuevamente al Tribunal de Apelaciones y, en lo pertinente, señaló que el foro primario erró al acusarlo y procesarlo por un delito por el cual no se encontró causa probable para acusar y, al permitir que se le sentenciara por un delito cuyos elementos no fueron probados más allá de duda razonable. Además, alegó que se le violó su derecho a un juicio justo e imparcial, pues el foro primario admitió evidencia impertinente, inflamatoria y perjudicial.

El Tribunal de Apelaciones revocó la determinación del Tribunal de Primera Instancia y ordenó la celebración de un nuevo juicio. (Véase, Sentencia, Pueblo v. Serrano Chang, KLAN2014-01017). En esencia, indicó que la conducta impropia del Ministerio Público en el informe final, unido a la inacción del foro primario en corregirla de forma oportuna y adecuada privó al apelante de un juicio justo e imparcial. Como se emitió un veredicto de no culpabilidad bajo la modalidad del Art. 93(a), supra, el nuevo juicio debía celebrarse solamente en cuanto a la modalidad provista en el inciso (b) que tipifica el asesinato estatutario. El foro apelativo intermedio expresó que en ese momento no había necesidad de atender los señalamientos relativos a la corrección del fallo de culpabilidad para no prejuzgar el caso. En desacuerdo, el Pueblo de Puerto Rico presentó una petición de certiorari ante nos. Sin embargo, fue denegada.

Entonces, el Ministerio Público presentó una moción ante el foro primario para que se enmendara la acusación con

el fin de que se eliminara todo lo referente al Art. 93(a) del Código Penal, supra. El Tribunal de Primera Instancia permitió la enmienda. En desacuerdo, el señor Serrano Chang solicitó la reconsideración de ese dictamen. Sin embargo, su solicitud fue denegada.

Ante esto, el señor Serrano Chang acudió nuevamente ante el Tribunal de Apelaciones mediante una petición de certiorari. Señaló que el foro primario erró: al permitir que se presentara una acusación por el Art. 93(b), supra, a pesar de que ello era contrario a la sentencia emitida por el foro apelativo intermedio en Pueblo v. Serrano Chang, KLAN2014-01017, a lo determinado en la vista preliminar y a los principios básicos del derecho procesal penal.

El Tribunal de Apelaciones notificó una Sentencia en la que revocó al foro primario. Señaló que en la vista preliminar se encontró causa solamente por el Art. 93(a), supra, y que la sentencia en Pueblo v. Serrano Chang, KLCE2013-01528, en la que se permitió enmendar el pliego para que estuvieran presentes ambas modalidades del delito de asesinato era un dictamen contrario a lo determinado en la vista preliminar que no podía constituir la ley del caso, ya que era una sentencia errónea.

Inconforme, el Procurador General presentó una petición de certiorari ante nos. Señaló que el Tribunal de Apelaciones erró al resolver que la decisión en Pueblo v. Serrano Chang, KLCE2013-01528, no constituye la ley del caso y que, por ello, no procede celebrar un nuevo juicio contra el señor

Serrano Chang por el inciso (b) del Art. 93 del Código Penal, supra. El señor Serrano Chang presentó su oposición. Indicó que la determinación en Pueblo v. Serrano Chang, KLCE2013-01528, no puede constituir la ley del caso por ser errónea, ya que no se halló causa probable para acusar por el delito tipificado en el Art. 93(b) del Código Penal, supra. Con la comparecencia de ambas partes, procedemos a resolver.

II

En la Resolución del 15 de marzo de 2016, el Tribunal de Primera Instancia expresó que ya que se celebró un juicio y el acusado fue absuelto de la violación al Art. 93(a) del Código Penal, supra, por impedimento constitucional, no puede ser procesado nuevamente por ese delito. El Tribunal señaló que algunas de las expresiones del Tribunal de Apelaciones en la sentencia mediante la cual ordenó el nuevo juicio son ambiguas. Sin embargo, resolvió que no le correspondía darle contenido a las expresiones del foro intermedio. Por esto, permitió que el Ministerio Público enmendara el pliego acusatorio para eliminar la cita del Art. 93(a) del Código Penal, supra. Expresó que, conforme al mandato, procedía celebrar un nuevo juicio únicamente por el Art. 93(b) del Código Penal, supra.

El mandato se ha definido como una "[o]rden de un tribunal superior a uno de inferior jerarquía, notificándole haber revisado el caso en apelación y enviándole los términos de su sentencia". Mejías v. Carrasquillo, 185 DPR 288, 300-301 (2012). Es el medio oficial que posee un tribunal

apelativo para comunicar a un tribunal inferior la disposición de la sentencia objeto de revisión y para ordenarle el cumplimiento de lo acordado. Íd., pág. 301; Pueblo v. Tribunal de Distrito, 97 DPR 241, 247 (1969). El propósito principal del mandato es lograr que el tribunal inferior actúe en forma consecuente con los pronunciamientos del tribunal apelativo. Íd.

Cónsono con ello, el foro federal ha expresado que el dictamen emitido por un tribunal de mayor jerarquía y enviado a uno de inferior jerarquía no da base a sugerencias o flexibilidad en cuanto a la orden a seguir, por lo que esta es rígida y definitiva. Mejías v. Carrasquillo, supra, pág. 301. Sobre esto, el tratadista James Moore expresó:

> Appellate courts often remand a case to a lower federal court for further proceedings. It is often stated that the decision of an appellate court on an issue of law becomes the law of the case on remand. This is the almost universal language describing the law determined by the mandate. Although this terminology has been widely adopted, the Supreme Court has noted that the mandate is not, strictly speaking, a matter of law of the case. The nondiscretionary aspect of the law of the case doctrine is sometimes called the "mandate rule" and this terminology is more precise than the phrase "law of the case". On remand, the doctrine of the law of the case is rigid; the district court owed obedience to the mandate of the Supreme Court or the court of appeals and must carry the mandate into effect according to its terms. 18 Moore's Federal Practice, 3d Sec. 134.23(1)(a), págs. 134-58 a 134-59 (2017).

De igual modo, un foro apelativo federal ha expresado lo siguiente:

> Under the mandate rule, a lower court generally may not consider questions that the mandate has laid to rest. …

> The mandate rule does not simply preclude a district court from doing what an appellate court has expressly forbidden it from doing. Under the mandate rule, a district court cannot reconsider issues the parties failed to raise on appeal; the court must attempt to implement the spirit of the mandate; and the court may not alter rulings impliedly made by the appellate court. <u>South Atlantic Ltd. Partnership v. Riese</u>, 356 F.3d 576, 583-584 (4to Cir. 2004).

El tribunal de rango inferior no tiene discreción para ignorar ni alterar un mandato. Esta es la llamada "regla del mandato". No obstante lo anterior, los tribunales de menor jerarquía mantienen discreción para reconsiderar asuntos que no fueron expresamente o implícitamente decididos por el tribunal que emitió el mandato. <u>Mejías v. Carrasquillo</u>, <u>supra</u>, pág. 302. Como dijimos en <u>Pan American v. Tribunal Superior</u>, 97 DPR 447 (1969), los asuntos resueltos implícitamente son aquellas cuestiones que, si bien no se litigaron, pudieron haberse litigado, tanto las que surgen del mandato mismo como aquellas que se deben realizar para que el mandato resulte efectivo. <u>Mejías v. Carrasquillo</u>, <u>supra</u>, pág. 303.

Una vez el Secretario del tribunal remite el mandato, el caso que estaba ante la consideración de ese foro finaliza para todos los efectos. <u>Íd.</u>, pág. 302. Así pues, el tribunal de jerarquía inferior adquiere la facultad de continuar con los procedimientos, según lo que haya dictaminado el tribunal apelativo. <u>Pérez, Ex parte v. Depto. de la Familia</u>, 147 DPR 556, 571 (1999). Una vez el mandato es remitido al tribunal de jerarquía inferior, este readquiere jurisdicción

sobre el caso a los únicos fines de ejecutar la sentencia, tal como fue emitida en apelación, y el tribunal apelativo pierde la suya. Pueblo v. Rivera, 75 DPR 432, 433 (1953).

En este caso, se litigó y adjudicó el asunto de si procedía acusar al señor Serrano Chang por el Art. 93(b) del Código Penal, supra, previo a que se celebrara el juicio. La determinación sobre ese asunto advino final luego de que el Tribunal de Apelaciones emitió su sentencia. Posteriormente, el foro apelativo intermedio resolvió que el juicio llevado a cabo contra el señor Serrano Chang violó su derecho a un juicio justo e imparcial y ordenó la celebración de un nuevo juicio por el único delito por el cual puede ser juzgado en este caso; el que está tipificado en el Art. 93(b) del Código Penal, supra. Al así hacerlo, el Tribunal de Apelaciones reconoció que la sentencia en Pueblo v. Serrano Chang, KLCE2013-01528, constituye la ley del caso y devolvió el caso al foro inferior con su mandato. Para poder llevar a cabo ese mandato, era necesario enmendar la acusación para eliminar todo lo referente al Art. 93(a) del Código Penal, supra, con el fin de que permaneciera solamente lo relativo al Art. 93(b) del Código Penal, supra. Por lo tanto, el Tribunal de Primera Instancia actuó conforme a la ley del caso y al mandato al permitir que se enmendara la acusación.

No obstante, el señor Serrano Chang recurrió de esa determinación ante el Tribunal de Apelaciones. Ese foro revocó el dictamen en Pueblo v. Serrano Chang, KLCE2013-01528. Un panel distinto al que emitió ese dictamen resolvió

que no constituye la ley del caso por ser erróneo. Consecuentemente, dejó sin efecto el mandato mediante el cual se le ordenó al foro primario celebrar un nuevo juicio. Nos corresponde determinar si el Tribunal de Apelaciones erró al actuar de esta manera.

III

El señor Serrano Chang alegó ante el Tribunal de Apelaciones que el dictamen en Pueblo v. Serrano Chang, KLCE2013-01528, no constituía la ley del caso por ser erróneo. Arguyó que se ordenó la celebración de un nuevo juicio por el inciso 93(a) del Código Penal, supra. Por esto, indicó que el Tribunal de Primera Instancia erró al permitir que se presentara una acusación en su contra por el Art. 93(b) del Código Penal, supra.

La doctrina de la ley del caso establece que, como norma general, un tribunal debe seguir sus decisiones en casos posteriores. Esta doctrina es esencial para el respeto debido a los dictámenes del tribunal y para la estabilidad del derecho. Pueblo v. Díaz de León, 176 DPR 913, 922 (2009). En Cacho Pérez v. Hatton Gotay y otros, 195 DPR 1 (2016), repasamos esa doctrina. Allí, expresamos que de ordinario las controversias que han sido adjudicadas por el foro primario o por un tribunal apelativo no pueden reexaminarse. Las determinaciones judiciales que constituyen la ley del caso incluyen todas aquellas cuestiones finales consideradas y decididas por el tribunal. Félix v. Las Haciendas, 165 DPR 832, 843 (2005).

Esas determinaciones, como regla general, obligan tanto al Tribunal de Primera Instancia como al que las dictó, si el caso vuelve ante su consideración. Íd. La doctrina de la ley del caso solo puede invocarse cuando exista una decisión final de la controversia en sus méritos. Íd. No obstante, en situaciones excepcionales, si el caso vuelve ante la consideración del tribunal y este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, puede aplicar una norma de derecho distinta. Cacho Pérez v. Hatton Gotay y otros, supra, pág. 9.

En esta ocasión no estamos ante una de esas situaciones excepcionales. El Ministerio Público desfiló prueba de todos los elementos de los delitos tipificados en ambos incisos en la vista preliminar. Durante esa vista, el patólogo forense que realizó la autopsia declaró que la causa de muerte fue severo trauma corporal. En cuanto al maltrato que se alega en la acusación, indicó que el cuerpo tenía hematomas recientes en la cara y el cuerpo, y que el menor sufrió hemorragias internas a causa de haber recibido golpes contundentes. Señaló que los golpes que reflejaba el cuerpo y la forma en que estaban distribuidos correspondían a que el menor sufrió maltrato agudo. Además, especificó que los golpes que le causaron la muerte al niño eran compatibles con golpes recibidos de un adulto. Por otro lado, el señor Serrano Chang conocía todos los delitos por los cuales fue denunciado y luego acusado, desde el momento en que se

presentó la denuncia en su contra. Tanto la denuncia como la acusación contenían todos los elementos de los delitos en los incisos (a) y (b) del Art. 93 del Código Penal, _supra_. Por eso, mediante la sentencia en _Pueblo v. Serrano Chang_, KLCE2013-01528, el Tribunal de Apelaciones correctamente ordenó que se enmendara el pliego acusatorio para que incluyera solamente el inciso (b) del Art. 93 del Código Penal, _supra_.

De manera conveniente, el señor Serrano Chang sostiene que no puede ser enjuiciado porque ya fue absuelto de violar el Art. 93(a) del Código Penal, _supra_, y no se le halló causa probable para acusar de forma correcta por el Art. 93(b) del Código Penal, _supra_. Por lo antes expuesto, rechazamos esa postura. La sentencia en _Pueblo v. Serrano Chang_, KLCE2013-01528, constituye la ley del caso. El Tribunal de Primera Instancia se limitó a seguir las instrucciones que le dieron. Procede la celebración de un nuevo juicio por el Art. 93(b) del Código Penal, _supra_.

La doctrina de la ley del caso se basa en el principio de que todo litigio eventualmente debe llegar a su final. El señor Serrano Chang no presentó ante el Tribunal de Apelaciones razón alguna que justificara que ese foro se separara del mencionado principio y se apartara de la determinación en _Pueblo v. Serrano Chang_, KLCE2013-01528. El foro apelativo intermedio erró al aplicar una norma de derecho distinta cuando, evidentemente, el dictamen en

<u>Pueblo v. Serrano Chang</u>, KLCE2013-01528, no es erróneo ni causaría una grave injusticia.


                                    IV

    Por los fundamentos antes expuestos, se dictará una Sentencia en la que se revoca la del Tribunal de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para la celebración de un nuevo juicio por el Art. 93(b) del Código Penal, <u>supra</u>, tal y como se había dispuesto anteriormente.


                                    RAFAEL L. MARTÍNEZ TORRES
                                          Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                           CC-2016-1114

Christian Serrano Chang

    Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 21 de diciembre de 2018.

Por los fundamentos antes expuestos, en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se revoca la del Tribunal de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para la celebración de un nuevo juicio por el Art. 93(b) del Código Penal, supra, tal y como se había dispuesto anteriormente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez, la Juez Asociada señora Rodríguez Rodríguez, el Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez concurren con el resultado sin opinión escrita.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo